# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1978EA

_____

| | |
|---|---|
| Ledell Lee, | * |
| | * |
| Appellee, | * |
| | * |
| | * On Appeal from the United |
| v. | * States District Court |
| | * for the Eastern District |
| | * of Arkansas. |
| Larry Norris, Director, Arkansas | * |
| Department of Correction, | * |
| | * |
| | * |
| Appellant. | * |

_____

Submitted: November 17, 2003

Filed: January 14, 2004 (Corrected 2/10/04)

_____

Before RILEY, RICHARD S. ARNOLD, and MELLOY, Circuit Judges.

_____

RICHARD S. ARNOLD, Circuit Judge.

In <u>Carmichael v. White</u>, 163 F.3d 1044, 1045 (8th Cir. 1998), we held

> that a district court has no authority to hold a habeas
> petition containing unexhausted claims in abeyance absent
> truly exceptional circumstances, such as when state
> remedies are inadequate or fail to afford a full and fair
> adjudication of federal claims, or when exhaustion in state
> court would be futile.

See <u>Victor v. Hopkins</u>, 90 F.3d 276, 279-82 (8th Cir. 1996), <u>cert. denied</u>, 519 U.S. 1153 (1997). In the present case, the District Court[1] instead of dismissing outright a case in which one unexhausted claim was raised, held the petition in abeyance pending renewed recourse to the state courts by petitioner. We must decide whether the circumstances of this case are "truly exceptional," as that phrase is used in <u>Carmichael</u>, so as to justify the District Court's action.

Here, two important facts stand out. First, if the petition had been dismissed outright, either with or without prejudice, and petitioner had filed a new habeas petition in the federal district court after completing state-court proceedings, the new petition would have been barred by the one-year statute of limitations contained in 28 U.S.C. § 2244(d)(1)(A). And second, the unexhausted claim involved in this case was not raised by petitioner himself, either in his original pleading or later during the course of the case in the District Court. Instead, it was raised by the District Court on its own motion. We hold that the combination of these two circumstances is "truly exceptional," and, therefore, that the District Court did not err in holding the petition in abeyance.

I.

Ledell Lee was convicted and sentenced to death for the 1993 murder of Debra Reese. His conviction and sentence were affirmed by the Arkansas Supreme Court on direct review. <u>Lee v. State</u>, 327 Ark. 692, 942 S.W.2d 231(1997). Mr. Lee's petition for state post-conviction relief ultimately was denied by the Arkansas Supreme Court. <u>Lee v. State</u>, 343 Ark. 702, 38 S.W.3d 334 (2001). Mr. Lee then filed a petition for writ of habeas corpus in the District Court alleging 19 claims for relief. After reviewing the transcripts of the state post-conviction proceedings, the

---

[1]The Hon. George Howard, Jr., United States District Judge for the Eastern and Western Districts of Arkansas.

District Court, on its own motion, raised the question whether Mr. Lee had been deprived of his due-process rights (as well as his state-law right to qualified post-conviction counsel) by the conduct of his appointed counsel[2] during the post-conviction proceedings in the state courts. The District Court, believing that relief on this claim might still be available in the state courts, entered an order staying Mr. Lee's petition for writ of habeas corpus and holding it in abeyance pending the outcome of further proceedings in the state courts. (No one complains about the District Court's raising this new claim on its own motion.)

Under 28 U.S.C. § 2254(i), "ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief" in federal habeas proceedings. We note, in addition, that a mere violation of state law, including Ark. R. Crim. P. 37.5, which sets forth the qualifications of post-conviction counsel in death cases, is not cognizable in federal habeas. On the other hand, petitioner argues that he does have a federal claim in this situation. Citing Hicks v. Oklahoma, 447 U.S. 343 (1980), petitioner argues that he has a liberty interest, protected against deprivation without due process, in the specific provisions of Ark. R. Crim. P. 37.5. We express no view at the present time on the merits of this argument. The only issue before us now is the propriety of the District Court's choice to stay the petition, rather than dismiss it.

The District Court noted that Mr. Lee's "counsel may have been impaired to the point of unavailability on one or more days of the Rule 37 hearing." The District Court was also troubled by counsel's repeated requests for appointment of co-counsel and the trial court's refusal to address counsel's argument that he was not qualified to handle the case because of other obligations. In part, because of these "exceptional or unusual circumstances," the District Court granted a stay of Mr. Lee's petition.

---

[2]Petitioner is now represented by new counsel.

The transcripts of state post-conviction proceedings provide several examples of behavior by Mr. Lee's counsel that are cause for concern. For example, in a hearing on March 30, 1999, the following exchange took place between Mr. Lee's counsel and the state trial judge who had certified that counsel was qualified under Rule 37.

> Q (Mr. Lee's Counsel): And do you recall making certain statements to me regarding my qualifications?
>
> A (The Judge): Absolutely.
>
> Q: And what were those statements?
>
> A: Well, you've got it misconstrued, [counsel]. Your memory is faulty, probably because of the beer you were drinking that night or whatever substance you might take.
>
> . . .
>
> A: But—Because in the car when I went to the car with you, you had an open beer in the car. You were driving around serving subpoenas that night. Now, what I said to you was—
>
> Q: Now—
>
> A: . . . You have no idea what, how to try a case, and you're not competent to try a case, and I still believe that. Now, you may waddle around in these post-conviction reliefs, but I don't think that you're competent to try a jury trial. I hold that belief.
>
> . . .
>
> Q: You stated that I'm not qualified to handle a criminal case. Is that not true?

A: No. I said a jury trial. . . . And I really don't think, given your mental state and the way you move around, and the things you say and how disconnected you are that you could handle a criminal jury trial in front of a jury. Now, you may be able to handle post-conviction relief when you're not under that kind of pressure, and I believe that.

Q: In light of that testimony, would you care to renege on the doc—, on your recommendations that you made?

A: Well, in fact, I'm glad you asked that because I'm going to call [name omitted]. She recommended you, and I didn't know you'd just gotten out of rehab. If I had known that, I would not have put you on this case. I would not have done it.

Q: Your Honor, this—

A: It's true, and you know it.

(App. of Appellee at 114-15, 117-18). Later in the same hearing counsel for the State of Arkansas made the following request:

Your Honor, I don't do this lightly, but with regard to [Mr. Lee's counsel's] performance in Court today, I'm going to ask that the Court require him to submit to a drug test. I don't think that he's, he's not, he's just not with us. He's re-introduced the same items of evidence over and over again. He's asking incoherent questions. His speech is slurred. He stumbled in the Court Room. As a friend of the Court, and I think it's our obligation to this Court and to this Defendant that he have competent counsel here today, and I don't—That's just my request of the Court, Your Honor.

Id. at 124.  The record is also replete with requests by Mr. Lee's counsel for assistance with the case given his other obligations.

## II.

We turn now to the key legal issue in the case.  Did "truly exceptional circumstances" exist to support the District Court's choice of holding this petition on its docket?

Two aspects of this case persuade us that truly exceptional circumstances did exist.  First, the District Court raised the issue which it thought the state courts could still consider on its own motion.[3]  This is now a "mixed" case, that is, one containing both exhausted and unexhausted claims.  But Mr. Lee did not file a mixed petition.  All of the claims alleged in his petition had been exhausted.  The behavior of his post-conviction counsel was raised by the District Court on its own motion, after reviewing the transcript of the state post-conviction proceedings.  In other words, the fact that the case is a "mixed" case, normally subject to outright dismissal under Carmichael and similar cases, is not Mr. Lee's fault, so to speak.  He did not come into court with an unexhausted claim.  Second, if we were to reverse the grant of the

_____

[3]The District Court stated it would "retain jurisdiction of [Mr. Lee's] petition, but [would] withhold resolution of the issues raised pending resolution of the state court claims . . .."  This Court has held that, where a mixed petition contains fully exhausted federal claims and unexhausted state claims, which are not reviewable on a petition for writ of habeas corpus, the district court should exercise jurisdiction over the petition and hear the exhausted federal claims.  See Hall v. State of Iowa, 705 F.2d 283, 287 (8th Cir. 1983).  Although we do not decide if Mr. Lee's claim about the conduct of post-conviction counsel is a state or federal claim, we note that if it were characterized as solely a state-law claim there would be no unexhausted federal claims in Mr. Lee's petition.  It is arguable, therefore, that under Hall the District Court could properly have exercised jurisdiction over the petition and, in its discretion, stayed proceedings during the pendency of a new state case.

stay, Mr. Lee would be barred from returning to federal court to refile his petition because of the one-year statute of limitations imposed on habeas petitioners. See 28 U.S.C. § 2244.

Generally, a state prisoner has one year from the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" to file an application for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1)(A). Although the statute provides for tolling of the statute of limitations during the pendency of state post-conviction proceedings or other state-court collateral review, the Supreme Court has held that there is no statutory basis for tolling the statute of limitations during the pendency of a federal petition for writ of habeas corpus. See Duncan v. Walker, 533 U.S. 167, 181 (2001). We think the circumstance that a new petition would be barred by limitations is important. The existing petition was filed within the one-year statutory period. We do not see why petitioner should forfeit his federal habeas corpus remedy in the circumstances of this case, which is exactly what would occur if this petition were dismissed outright.

Our holding does not rest solely upon the ground that the statute of limitations would prevent Mr. Lee from refiling his petition if the District Court had dismissed it. In Akins v. Kenney, 341 F.3d 681 (8th Cir. 2003), the habeas petition contained both exhausted and unexhausted claims. The District Court dismissed the petition. Petitioner had not asked for any other form of disposition. Specifically, he had not asked the District Court to stay the petition and hold it on its docket pending his exhaustion of available state-court remedies. On appeal, petitioner argued that the District Court had abused its discretion in not deciding, of its own accord, to stay the petition and hold it in abeyance. We affirmed, holding that no abuse of discretion had occurred. Id. at 686. In the present case, as we have said, a consideration going beyond the running of the statute of limitations is present: that the unexhausted claim came into the case as a result of the District Court's own action.

III.

The dispositive portion of the District Court's order reads as follows:

> The case shall be returned to the [state] trial court for reconsideration of the claims raised at Petitioner's Rule 37 hearing, in light of the issues raised concerning his counsel's qualifications and impairment . . ..

In our opinion, this provision is somewhat more specific than it needs to be. We do not presume to say which court in the state system would be the appropriate forum, still less to hold that, if there is such a court, an evidentiary hearing should be held. We leave to petitioner's present appointed counsel, in the first instance, to determine what form of action would be appropriate,[4] and what relief should be requested. Compare Franklin v. State, 251 Ark. 223, 471 S.W.2d 760 (1971) (discussing the possible legal effects of counsel's incapacity or illness). It will be for the state courts, of course, to decide the appropriate mode of proceedings, as well as what relief to grant, if any. In the meantime, the petition will be stayed and will remain pending on the docket of the District Court.[5]

---

[4]In its supplemental reply brief, the state asserts that the state trial court, to which the District Court's opinion refers, would have no jurisdiction. According to this view, Mr. Lee would have to ask the Supreme Court of Arkansas to reinvest the trial court with jurisdiction by way of a writ of error coram nobis. Supplemental Reply Brief of Appellant 2. We express no view on this question of state procedural law. It is not for us to decide.

[5]We express our appreciation to petitioner's present appointed counsel, who is fully competent in these matters, to say the least. We hope that she will continue to represent petitioner in the state courts and in further federal habeas proceedings, if there are any.

The order of the District Court is affirmed, as modified.

_____