Ledell LEE  *v.*  STATE of Arkansas

CR 99-1116                                          238 S.W.3d 52

Supreme Court of Arkansas
Opinion delivered June 29, 2006

[Rehearing denied September 7, 2006.]

*Cauley, Bowman, Carney & Williams, PLLC*, by: *Deborah R. Sallings*, and *Public Interest Litigation Clinic*, by: *Kent E. Gipson* and *William C. Odle*, for appellant.

*Mike Beebe*, Att'y Gen., by: *Lauren Elizabeth Heil*, Ass't Att'y Gen., for appellee.

Donald L. Corbin, Justice. Appellant Ledell Lee has filed a motion requesting this court to recall its mandate affirming the denial of his request for postconvcition relief. *See Lee v. State*, 343 Ark. 702, 38 S.W.3d 334 (2001). In support of his motion, Lee asserts that he was denied the assistance of qualified counsel during his postconviction proceedings, due to the fact that his appointed counsel was impaired by a substance-abuse problem. The State counters that there is no constitutional right to postconviction counsel; therefore, Lee has not been deprived of any established right that would warrant the recall of our mandate. Additionally, the State argues that the need for finality in criminal appeals outweighs any argument that Lee was deprived of competent counsel. Because it is clear from the record before us that Lee was deprived of the assistance of qualified and competent counsel to which he was entitled under Ark. R. Crim. P. 37.5, we recall the mandate and remand this matter to the circuit court for a new postconviction proceeding.

Briefly reviewing the facts, Lee was convicted of the 1993 capital murder of Jacksonville resident Debra Reese and sentenced to death. His conviction and sentence were affirmed by this court in *Lee v. State*, 327 Ark. 692, 942 S.W.2d 231, *cert. denied*, 522 U.S. 1002 (1997). Thereafter, Lee filed a petition for postconviction relief pursuant to Ark. R. Crim. P. 37, arguing that his trial attorneys had rendered ineffective assistance of counsel. Pursuant to Rule 37.5, the circuit court appointed counsel to represent Lee in connection with his postconviction petition. Following a hearing on his petition, the trial court entered an order denying Lee's request for relief.

Following our affirmance of the denial of postconviction relief, Lee filed a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 in the United States District Court for the Eastern District of Arkansas. Upon reviewing his petition, the District Court determined that it was necessary to hold the petition in abeyance to allow Lee the opportunity to seek additional recourse in state court. The District Court's decision was based on concerns it raised *sua sponte* regarding possible impairment of Lee's counsel during the Rule 37 proceedings.

The State appealed the District Court's decision to the Eighth Circuit Court of Appeals. *See Lee v. Norris*, 354 F.3d 846 (8th Cir. 2004). During the pendency of the State's appeal, Lee's Rule 37 counsel filed, under seal, a motion for substitution of counsel. Therein, counsel stated that at a minimum there was an

appearance of an actual conflict of interest that prevented him from continuing to represent Lee. The motion was granted and new counsel was appointed to represent Lee. At the outset, the Eighth Circuit noted that the only issue before it was "the propriety of the District Court's choice to stay the petition, rather than dismiss it." Ultimately, the court concluded that it was proper for the District Court to hold the petition in abeyance, stating:

> The District Court noted that Mr. Lee's "counsel may have been impaired to the point of unavailability on one or more days of the Rule 37 hearing." The District Court was also troubled by counsel's repeated requests for appointment of co-counsel and the trial court's refusal to address counsel's argument that he was not qualified to handle the case because of other obligations.

*Id.* at 848. The Eighth Circuit also noted, however, that the District Court's order was a little too specific with regards to Lee seeking relief in state court, explaining:

> We do not presume to say which court in the state system would be the appropriate forum, still less to hold that, if there is such a court, an evidentiary hearing should be held. We leave to petitioner's present appointed counsel, in the first instance, to determine what form of action would be appropriate, and what relief should be requested. It will be for the state courts, of course, to decide the appropriate mode of proceedings, as well as what relief to grant, if any.

*Id.* at 850 (citation omitted) (footnote omitted).

Following entry of the Eighth Circuit's order, Lee filed the instant motion with this court requesting that we recall the mandate and reopen his postconviction proceedings. In support of his motion, Lee pointed to the fact that his Rule 37 counsel was impaired by alcohol use during the time that he represented Lee in his postconviction proceedings, a fact admitted to by counsel. This court determined that Lee's motion should be submitted as a case, and the clerk of this court subsequently established a briefing schedule and the motion to recall the mandate is now presented to this court.

The issue now before us is whether the fact of Lee's counsel's intoxication and subsequent impairment warrants the relief requested by Lee, namely a recall of our mandate and a

reopening of his postconviction proceedings. In support of his argument that such relief is warranted, Lee argues that Rule 37.5 requires the appointment of qualified counsel and, in this case, it cannot be said that Lee's appointed counsel was qualified under this rule due to his impairment from intoxication. Additionally, Lee avers that there was at least one viable claim of ineffective assistance of counsel not pursued by his Rule 37 counsel, presumably due to counsel's impairment.

The State counters that the relief requested by Lee is not warranted because the present case does not meet the criteria for recalling a mandate set forth by this court in *Robbins v. State*, 353 Ark. 556, 114 S.W.3d 217 (2003). Additionally, the State argues that even though Lee's counsel may have had a substance-abuse problem at the time of the Rule 37 proceedings, Lee cannot establish that he was prejudiced by his counsel's impairment. Specifically, the State argues that a review of the Rule 37 proceedings reveals that counsel adequately represented Lee's interest and that this court would be ill advised to disturb the finality of its previous order.

Before addressing the merits of Appellant's motion, we look first to the limited instance in which this court has recalled a mandate in a death-penalty case. In *Robbins*, we recognized that "this court will recall a mandate and reopen a case in extraordinary circumstances." *Id.* at 564, 114 S.W.3d at 222. However, in deciding to recall the mandate, we specifically explained that our decision was based on three factors: 1) the presence of a defect in the appellate process; 2) a dismissal of proceedings in federal court because of unexhausted state court claims; and 3) the appeal was a death case that required heightened scrutiny. Thus, these three criteria must be satisfied in order for this court to consider the relief requested by Lee.

First, we must determine whether there is a presence of a defect in the appellate process that warrants a recall of the mandate. Certainly, the intoxication and subsequent impairment of Lee's appointed counsel during the Rule 37 proceedings constitute a defect because of the exacting requirements of Rule 37.5 regarding the appointment of qualified counsel in postconviction proceedings for a person under a sentence of death.

The second factor enunciated in *Robbins* is the dismissal of federal court proceedings because of the existence of unexhausted state claims. Here, the District Court held Lee's *habeas*

petition in abeyance so that this court could determine if there were any unexhausted state claims. The decision to hold the petition in abeyance, however, was based on a procedural issue that would have resulted in Lee being barred from returning to federal court to refile his petition because of the one-year statute of limitations imposed on *habeas* petitioners. *See* 28 U.S.C. § 2244. In addition, for reasons explained below, it is clear that Lee was deprived of his right to a postconviction proceeding in state court due to the impairment of his appointed counsel. We reiterate that because Lee is under a sentence of death, Rule 37.5 mandates that he be appointed *qualified* counsel. Counsel who is impaired by alcohol abuse cannot be said to be qualified counsel. Accordingly, until Appellant has been afforded a new Rule 37 proceeding, he has potential state claims that remain unexhausted.

Finally, the third factor regarding heightened scrutiny in death cases is applicable in the instant case. A review of the record in the instant case reveals that Rule 37 counsel admitted that he was impaired by a substance-abuse problem during his representation of Lee in the postconviction process. In an affidavit filed before the Eighth Circuit, Rule 37 counsel admitted that he struggled with substance abuse and received in-patient treatment on two different occasions before becoming clean and sober in late 1999. He further averred that during the pendency of Lee's postconviction proceeding he approached the trial court and asked either to be relieved or to have co-counsel appointed because of his condition, but that his requests were denied. As we noted in *Robbins*, the death penalty demands unique attention to procedural safeguards. *Id.* at 561, 114 S.W.3d at 220. Such procedural safeguards warrant a recall of the mandate in this case because Lee was denied the representation of qualified and competent counsel during the pendency of his Rule 37 proceeding.

We are simply unpersuaded by the State's argument that Lee is not entitled to counsel, as postconviction proceedings are civil in nature and there is consequently no right to the appointment of counsel. This argument completely ignores our prior case law holding that while there is no constitutional right to a postconviction proceeding, when a state undertakes to provide collateral relief, due process requires that the proceeding be fundamentally fair. *See Engram v. State*, 360 Ark. 140, 200 S.W.3d 367 (2004); *Larimore v. State*, 327 Ark. 271, 938 S.W.2d 818 (1997) (quoting *Robinson v. State*, 295 Ark. 693, 699, 751 S.W.2d 335, 339 (1988)).

More importantly, the State's argument in this regard completely ignores the exacting requirements of Rule 37.5 regarding the appointment of counsel.

A brief historical overview on this court's treatment of death-penalty cases and the application of Rule 37.5 will prove helpful in the instant case. In 1996, Congress passed the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *See* Pub. L. No. 104-132 (1996). By this act, Congress chose to restrict federal *habeas corpus* review in exchange for the states' appointing competent counsel for indigent capital defendants for purposes of state postconviction review. *See* Burke W. Kappler, *Small Favors: Chapter 154 of the Antiterrorism and Effective Death Penalty Act, the States, and the Right to Counsel,* 90 J. CRIM. L. & CRIMINOLOGY 467, 469 (2000).

In 1997, the Arkansas General Assembly enacted Act 925 of 1997 in response to the AEDPA. Act 925 is now codified at Ark. Code Ann. §§ 16-91-201 to -206 (Supp. 2005). The General Assembly stated that the purpose behind Act 925 was to comply with the AEDPA "in an effort to obtain the benefits of that act concerning time limitations in which federal habeas corpus proceedings and appeals must be considered and decided[.]" Ark. Code Ann. § 16-91-204 (Supp. 2005).

Also in 1997, this court adopted Arkansas Rule of Criminal Procedure 37.5 in order to "opt in" to the benefits of the AEDPA by setting criteria for appointed counsel for indigent capital defendants sentenced to death. We subsequently explained the purpose behind Rule 37.5 in our case law:

> Rule 37.5 evolved from Act 925 of 1997, now codified at Ark. Code Ann. §§ 16-91-201 to -206 (Supp. 1999), where the General Assembly expressly noted that the *intent of the Act is to comply with federal law by instituting a comprehensive state-court review. See* section 16-91-204; *Porter v. State,* 332 Ark. 186, 964 S.W.2d 184 (1998) *(per curiam). The purpose of a meaningful state review is to eliminate the need for multiple federal habeas corpus proceedings in death cases. Id.* Thus, "in death cases where a Rule 37 petition is denied on procedural grounds, great care should be exercised to assure that the denial rests on solid footing." *Id.* at 188-89, 964 S.W.2d at 185.

*Echols v. State,* 344 Ark. 513, 517, 42 S.W.3d 467, 469 (2001) (quoting *Wooten v. State,* 338 Ark. 691, 695-96, 1 S.W.3d 8, 10-11 (1999)).

Stated differently, the purpose of the exacting requirements of Rule 37.5 is to provide a comprehensive state-court review of a defendant's claims and, therefore, eliminate the need for multiple postconviction actions in federal court. *See Fudge v. State*, 354 Ark. 148, 120 S.W.3d 600 (2003); *Echols*, 344 Ark. 513, 42 S.W.3d 467.

It is clear that not only has this court undertaken to allow postconviction proceedings, but more importantly, has established specific criteria for the appointment of qualified and competent counsel to represent indigent defendants under a sentence of death. If this court were to accept the State's argument and find that an attorney impaired by a substance-abuse problem constitutes qualified counsel, we would be ignoring the dictates of Rule 37.5, as well as the history leading up to the implementation of that rule.

In light of the specific qualifications set forth for the appointment of Rule 37.5 counsel, this court cannot ignore the fact that Lee's counsel admitted to being impaired during Lee's Rule 37 proceeding, an admission that is supported by the record itself. There are notable examples during the Rule 37 hearing where it appears that counsel was not functioning at the level of qualified or competent counsel required by Rule 37.5. Notable examples of counsel's troubling behavior include:

- belligerent attitude towards the prosecuting attorney;

- being unable to locate the witness room;

- repeatedly being unable to understand questions posed by the trial court or objections raised by the prosecution;

- not being familiar with his own witnesses;

- not properly serving witnesses or telling them not to attend the hearings, only to call them during the hearing;

- routinely forgetting basic rules of procedure regarding the admission of evidence;

- failing to prepare for the hearing by organizing evidentiary items or meeting with witnesses;

- rambling incoherently, repeatedly interjecting "blah, blah, blah" into his statements.

In fact, counsel's behavior became so erratic that during the Rule 37 hearing, counsel for the State went on record as follows:

> Your Honor, I don't do this lightly, but with regard to [Rule 37 counsel's] performance in Court today, I'm going to ask that the Court require him to submit to a drug test. I don't think that he's, he's not, he's just not with us. He's re-introduced the same items of evidence over and over again. He's asking incoherent questions. His speech is slurred. He stumbled into the Court Room. As a friend of the Court, and I think it's our obligation to this Court and to this Defendant that he have competent counsel here today, and I don't — That's just my request of the Court, Your Honor.

In response, the trial court stated that it knew of no authority to take such action and continued with the Rule 37 hearing.

■ Additionally, we do not agree with the State's proposition that Appellant's failure to cooperate with his trial counsel somehow negates the fact that his Rule 37 counsel failed to investigate an identifiable claim of ineffective assistance of counsel at the penalty phase, specifically trial counsel's failure to put on any mitigating evidence. According to Appellant, Rule 37 counsel's failure to investigate such a claim is a prime example of his lack of competence during the Rule 37 proceeding. Appellant's demeanor or attitude at trial is of no import to his Rule 37 counsel's performance.

■ Likewise, we do not agree with the State's contention that Appellant's motion should be denied on the basis that Appellant has been dilatory in bringing his motion to recall the mandate. The issue regarding counsel's competency first arose in the District Court's opinion holding Lee's petition for *habeas* relief in abeyance. Then, once the State appealed that decision to the Eighth Circuit, Rule 37 counsel filed his motion for substitution of counsel. Lee's current counsel was not appointed until July 28, 2004. New counsel, in turn, filed the motion to recall the mandate on August 30, 2005. The State makes much to do about the fact that it took over a year to file this motion. As Lee points out, however, his new counsel had the duty to familiarize herself with the voluminous record in this case and also had to investigate what avenue of relief to pursue on behalf of her client. Accordingly, we do not agree with the State that Appellant somehow purposely delayed the instant process and thus is not entitled to relief.

In sum, we agree with the Eighth Circuit that Rule 37 counsel did not, under these particular and unusual circumstances, meet the qualifications of competency required of counsel appointed under Rule 37.5. Accordingly, we recall our mandate and remand this matter to the circuit court for proceedings consistent with this opinion.[1]

Motion granted.

---

[1] Lee has also filed a motion requesting funds so that he may adequately investigate his claim of ineffective assistance of trial counsel. We deny the motion, as any such request should be addressed to the circuit court.