SLIP OPINION

# SUPREME COURT OF ARKANSAS

No. CR-93-1096

| | |
|---|---|
| | **Opinion Delivered** February 19, 2015 |
| GEORGE L. RHOADES<br>PETITIONER<br><br>V.<br><br>STATE OF ARKANSAS<br>RESPONDENT | PRO SE PETITION TO REINVEST JURISDICTION IN THE TRIAL COURT TO CONSIDER A PETITION FOR WRIT OF ERROR CORAM NOBIS, OR IN THE ALTERNATIVE FOR LEAVE TO PROCEED IN THE TRIAL COURT PURSUANT TO ARKANSAS CRIMINAL PROCEDURE RULE 37.1, OR TO RECALL MANDATE, OR FOR WRIT OF CERTIORARI, AND MOTION FOR APPOINTMENT OF COUNSEL [LITTLE RIVER COUNTY CIRCUIT COURT, NOS. 41CR-92-84, 41CR-92-85]<br><br>PETITION AND MOTION DENIED. |

**PER CURIAM**

In 1993, petitioner George L. Rhoades was found guilty by a jury of two counts of capital murder and sentenced to two concurrent terms of life imprisonment without parole. We affirmed. *Rhoades v. State*, 319 Ark. 45, 888 S.W.2d 654 (1994). In 1999, petitioner petitioned this court to reinvest the trial court with jurisdiction to consider a petition for writ of error coram nobis in the case. The petition was denied. *Rhoades v. State*, CR-93-1096 (Ark. May 6, 1999) (unpublished per curiam).

Now before us is petitioner's second petition to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis. He also asks that the petition be considered in the alternative as a petition to proceed in the trial court under Arkansas Rule of Criminal

SLIP OPINION

Procedure 37.1 (1993), or a motion to recall this court's mandate issued on direct appeal, or a petition for writ of certiorari.

First, we note that it is not necessary under Rule 37.1 for petitioner to obtain this court's permission before filing a Rule 37.1 petition in the trial court. The Rule does not require that this court grant leave to proceed. *See Hill v. State*, 2014 Ark. 57, at 3.

Petitioner invokes *Martinez v. Ryan*, 132 S. Ct. 1309 (2012) and related cases, arguing that he should be permitted to proceed under the Rule on the ground that the trial court denied him his right to proceed under the Rule. He has appended to his petition a letter from the trial court to him, dated January 30, 1995, erroneously informing him of the need to obtain this court's permission before filing a Rule 37.1 petition in the trial court. He also appended a letter to him from one of our staff attorneys, dated February 9, 1995, declining to accept for filing a motion for extension of time to file a Rule 37.1 petition. In the letter, petitioner is informed that it is not necessary to seek leave from this court before proceeding in the trial court under the Rule. As the mandate on direct appeal in petitioner's case issued on December 30, 1994, the sixty-day period allowed to file a Rule 37.1 petition in the trial court under Rule 37.2(c) expired February 28, 1995. Petitioner, therefore, could have filed a timely Rule 37.1 petition with the circuit clerk. If relief was denied, an appeal could have been taken to this court. The instant petition is not a substitute for abiding by procedural rules. *See Gran v. Hale*, 294 Ark. 563, 745 S.W.2d 129 (1988). Moreover, this court, under the Rule, does not review claims for leave to proceed under the Rule in cases where a petitioner is not required to obtain leave of this court to proceed.

With respect to the request for a writ of certiorari in which petitioner raises allegations

SLIP OPINION

of ineffective assistance of counsel, trial error, and error by this court in its decision on direct appeal, petitioner could have raised his claims pertaining to the effectiveness of counsel in the trial court in a timely petition under Rule 37.1. His opportunity to raise his claims of trial error were, or could have been, properly raised at trial and on the record on direct appeal. *Stewart v. State*, 2014 Ark. 419, 443 S.W.3d 538 (per curiam). His assertions of error by this court could have been addressed by means of a timely filed petition for rehearing. *See Miller v. State*, 273 Ark. 508, 621 S.W.2d 482 (1981). While petitioner contends that the trial court wrongly declined to consider his Rule 37.1 petition, he has not shown that certiorari will lie to provide a remedy for any of the issues raised in the instant petition.

As to the request to recall the mandate issued on direct appeal, this court has reserved recalling mandates to certain circumstances that do not apply to petitioner's case. In *Lee v. State*, 367 Ark. 84, 238 S.W.3d 52 (2006), this court identified three factors that must be met to recall a mandate: (1) the presence of a defect in the appellate process; (2) a dismissal of proceedings in federal court because of unexhausted state court claims; and (3) the appeal was a death case that required heightened scrutiny. Petitioner has not met these three criteria. A petitioner who does not met the criteria, including that the matter be a death-penalty case, is not entitled to recall of the mandate. *Isom v. State*, 2011 Ark. 149 (per curiam) (citing *Lee*, 367 Ark. 84, 238 S.W.3d 52).

Turning to petitioner's request to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis, petitioner has not stated a ground for the writ. A writ of error coram nobis is an extraordinarily rare remedy more known for its denial than its approval.

SLIP OPINION

*Mackey v. State*, 2014 Ark. 491 (per curiam). Coram-nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Greene v. State*, 2013 Ark. 251 (per curiam). The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Id.* The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Burks v. State*, 2013 Ark. 188 (per curiam).

The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Mackey*, 2014 Ark. 491; *Cromeans v. State*, 2013 Ark. 273 (per curiam). A writ of error coram nobis is available for addressing certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. *Wright v. State*, 2014 Ark. 25 (per curiam); *Greene*, 2013 Ark. 251.

In his petition, petitioner does not contend that there is any specific ground for issuance of the writ that can be said to be within one of the four categories for relief. Instead, he argues ineffective assistance of counsel, trial error, errors by this court in its decision on direct appeal, and the failure of the trial court to consider his Rule 37.1 petition. As stated, the function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment, and the petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record.

Petitioner here has not met that burden. Claims of ineffective assistance of counsel, trial error, and error by the appellate court are not within the purview of a coram-nobis proceeding. *See Mason v. State*, 2014 Ark. 288, 436 S.W.3d 469 (per curiam).

Finally, petitioner asks that counsel be appointed to "perfect" his petition. As petitioner has not stated a ground for relief under any of the remedies that he invokes, the motion for counsel is denied.

Petition and motion denied.

*George L. Rhoades*, pro se petitioner.

*Dustin McDaniel*, Att'y Gen., by: *Kent G. Holt*, Ass't Att'y Gen., for respondent.