SLIP OPINION

Cite as 2016 Ark. 142

# SUPREME COURT OF ARKANSAS.

No. CR–16–56

| | | |
|---|---|---|
| GEORGE L. RHOADES | APPELLANT | **Opinion Delivered** March 31, 2016 |
| V. | | APPELLEE'S MOTION TO DISMISS APPEAL AND MOTION FOR BRIEF TIME IN EVENT COURT DENIES MOTION TO DISMISS APPEAL [LITTLE RIVER COUNTY CIRCUIT COURT, NOS. 41CR-92-84, 41CR-92-85] |
| STATE OF ARKANSAS | APPELLEE | HONORABLE CHARLES A. YEARGAN, JUDGE |
| | | MOTION TO DISMISS APPEAL GRANTED; MOTION FOR EXTENSION OF BRIEF TIME MOOT. |

**PER CURIAM**

In 1993, appellant George L. Rhoades was found guilty by a jury of one count of capital murder in the Little River County Circuit Court in case no. 41CR-92-84 and one count of capital murder in case no. 41CR-92-85. He was sentenced to two consecutive terms of life imprisonment without parole. We affirmed. *Rhoades v. State*, 319 Ark. 45, 888 S.W.2d 654 (1994).

In 1999, Rhoades petitioned this court to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis. The petition was denied. *Rhoades v. State*, CR-93-1096 (Ark. May 6, 1999) (unpublished per curiam).

In 2014, Rhoades again asked this court to consider a petition for coram-nobis relief. He also asked that the petition be considered, in the alternative, as a petition to proceed

under Arkansas Rule of Criminal Procedure 37.1 (1992) or a request for other relief. We denied the petition on February 19, 2015. *Rhoades v. State*, 2015 Ark. 54, 455 S.W.3d 291 (per curiam).

On October 23, 2015, Rhoades filed in the trial court a pro se Rule 37.1 petition. The trial court denied the petition on the ground that it was not timely filed, and Rhoades lodged an appeal from the order in this court. The appellee State now asks that the appeal be dismissed because the petition was indeed untimely. It further asks to be permitted an extension of brief time if this court denies the motion to dismiss.

We grant the State's motion to dismiss the appeal. The motion for extension of brief time is therefore moot.

Rule 37.2(c) provides that a petition under the Rule is untimely if not filed within sixty days of issuance of the appellate court's mandate affirming the judgment of conviction. We have held that a trial court may not grant relief on an untimely petition. *Maxwell v. State*, 298 Ark. 329, 767 S.W.2d 303 (1989). As the mandate in Rhoades case was issued in 1994, and he did not file his Rule 37.1 petition until 2015, he failed to proceed under the Rule in accordance with the time limitations set by the Rule. Accordingly, the trial court correctly declined to consider it. *See Justus v. State*, 2012 Ark. 91.

In his response to the State's motion to dismiss the appeal, Rhoades argues that the rules governing postconviction procedure are not fair to the pro se litigant who is untrained in the law. We disagree. While there is no constitutional right to a postconviction proceeding, when a state undertakes to provide collateral relief, due process requires that the proceeding be fundamentally fair. *Davis v. State*, 2010 Ark. 366 (per curiam). The

fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner. *Id.* Due process does not require courts to provide an unlimited opportunity to present postconviction claims. *Watkins v. State*, 2010 Ark. 156, 362 S.W.3d 910 (per curiam); *Maulding v. State*, 299 Ark. 570, 776 S.W.2d 339 (1989) (per curiam). Rhoades has not shown that requiring petitioners to proceed under the time limitations set by the Rule is unreasonable.

Motion to dismiss appeal granted; motion for extension of brief time moot.