SLIP OPINION

Cite as 2016 Ark. 205

# SUPREME COURT OF ARKANSAS.

No. CR-94-1016

| | |
|---|---|
| CLARENCE JAMES ASHBY<br>PETITIONER<br><br>V.<br><br>STATE OF ARKANSAS<br>RESPONDENT | Opinion Delivered May 12, 2016<br><br>PRO SE PETITION TO REINVEST JURISDICTION IN THE TRIAL COURT TO CONSIDER A PETITION FOR WRIT OF ERROR CORAM NOBIS AND MOTION TO GRANT PETITION [JEFFERSON COUNTY CIRCUIT COURT, NO. 35CR-14-27]<br><br>PETITION AND MOTION DENIED. |

**PER CURIAM**

In 1994, petitioner Clarence James Ashby was found guilty of the rape of a boy committed to the Alexander Youth Services Center. He was sentenced to thirty years' imprisonment. The Arkansas Court of Appeals affirmed. *Ashby v. State*, CR-94–1016 (Ark. App. Sept. 6, 1995) (unpublished) (original docket no. CACR 94-1016).

On March 23, 2016, Ashby filed the petition that is now before us in which he seeks reinvestment of jurisdiction in the trial court to consider a petition for writ of error coram nobis in the case. After the petition was filed, Ashby also filed a motion asking that it be granted.

The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward

before rendition of the judgment. *Newman v. State*, 2009 Ark. 539, 354 S.W.3d 61. The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Roberts v. State*, 2013 Ark. 56, 425 S.W.3d 771.

The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Id.* A writ of error coram nobis is available for addressing certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38.

The petition for leave to proceed in the trial court is necessary because the trial court can entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal only after we grant permission. *Newman*, 2009 Ark. 539, 354 S.W.3d 61. A writ of error coram nobis is an extraordinarily rare remedy. *State v. Larimore*, 341 Ark. 397, 17 S.W.3d 87 (2000). Coram-nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Westerman v. State*, 2015 Ark. 69, at 4, 456 S.W.3d 374, 376.

Ashby seeks leave to proceed in the trial court for a writ of error coram nobis on the following grounds: the circuit court did not bring his case before the "juvenile division" for a decision on whether the case should be transferred to the juvenile court; his civil rights were violated because he was not afforded due process of law and equal protection of law in the criminal proceeding; his case was not brought by a grand jury; the circuit court refused to bring a certain witness's "trial statement out front" and likewise refused to consider that

the witness's first written statement was false and coerced by the police or to consider that the witness's written statement conflicted with the witness's testimony as it appeared in the trial record; that the medical record "was deprived from the record" in that the "batter and choke mark" referenced in the rape charge was never there in the first place; that he was arrested and questioned without the presence of the "guardian of his Parents of attorney"; that the police did not notify his parents when he was questioned even though he was seventeen years old and an inmate of the youth center; that the police asked the youth-center staff to step out while he was questioned; that the medical reports from the youth-center infirmary were not made a part of the record; and that he did not know his rights under *Miranda v. Arizona*, 384 U. S. 435 (1966), when he was questioned.

With the exception of the allegations that possibly could be construed as claims that certain material was omitted from the trial record by the State, Ashby has not stated a ground within the four categories under which a writ of error coram nobis is proper. As stated, the function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. Claims of trial error are outside the scope of a coram-nobis proceeding. *Rhoades v. State*, 2015 Ark. 54, at 5, 455 S.W.3d 291, 294 (per curiam). This court does not consider allegations in a coram-nobis action that are an attempt to argue issues that were, or could have been, addressed at trial or on direct appeal. *See Ventress v. State*, 2015 Ark. 181, at 6, 461 S.W.3d 313, 317 (per curiam). Allegations of trial error,

SLIP OPINION

even those of constitutional dimension, do not provide a ground to grant a writ of error coram nobis. *Bean v. State*, 2015 Ark. 136 (per curiam).

As to Ashby's allegations that material was omitted from the trial record, we find no ground for the writ. When the petitioner in a coram-nobis proceeding demonstrates that exculpatory material was withheld from the defense by the State, the petitioner has established a violation of *Brady v. Maryland*, 373 U.S. 83 (1963), which is a ground for the writ. The mere fact, however, that a petitioner alleges a *Brady* violation is not sufficient to provide a basis for error-coram-nobis relief. *Camp v. State*, 2010 Ark. 226, 364 S.W.3d 7 (per curiam). The petitioner must show that the evidence alleged to have been withheld was both material and prejudicial and of such significance that it would have prevented rendition of the judgment had it been known at the time of trial. *Id.* It is a petitioner's burden to show that the writ is warranted. *Scott v. State*, 2009 Ark. 437 (per curiam). This court will grant permission for a petitioner to proceed with a petition for writ of error coram nobis only when it appears that the proposed attack on the judgment is meritorious. *Hogue v. State*, 2011 Ark. 496 (per curiam). We are not required to accept the allegations in a petition for writ of error coram nobis at face value. *Charland v. State*, 2013 Ark. 452 (per curiam).

Here, Ashby does not contend that any particular evidence was hidden from the defense at the time of trial. Rather, his claims seem to be based on his belief that not all of the evidence he desired to be admitted into evidence was admitted or that evidence he considered to be exculpatory was not sufficiently persuasive to the fact-finder. His conclusory claims concerning evidence omitted from the record are deficient as a basis for

coram-nobis relief and do not establish that there is a reasonable probability that the outcome of the proceeding would have been different if the State had disclosed any particular evidence to the defense. For that reason, he has not stated a ground for the writ. *See Strickler v. Greene*, 527 U.S. 263, 280 (1999); *see also Lacy v. State*, 2010 Ark. 388, 377 S.W.3d 227.

Petition and motion denied.