Paul E. Danielson, Justice, dissenting, I dissent. The parties’ arguments and the majority opinion focus on whether error occurred during the penalty phase of the trial; however, I think that the error in this case, if there was one at all, occurred during the guilt, phase. From the record before us, it is clear that Wertz was charged with two counts of capital murder and that the jury returned verdicts of guilt on two counts. It is not clear that he was actually convicted of both counts.[6] As the majority acknowledges, Wertz was charged with capital murder pursuant to Arkansas Statutes Annotated section 41-1501(l)(c) (Repl.1977), which provided that a person commits capital murder if: (c) with the premeditated and deliberated purpose of causing the death of any person, he causes the death of two (2) or more persons in the course of the same criminal episode. My review of our cases addressing capital-mdrder convictions under section 41-1501(l)(c) reveals that a person charged under that statute with causing two or more deaths was historically charged with, tried for, and convicted of only one count. See, e.g,, See v. State, CR 88-77, 1989 WL 50520 (Ark. May 10, 1989) (unpublished per curiam); Watson v. State, CR 85-221, 1988 WL 96961 (Ark. Sept. 19, 1988) (unpublished per curiam) (“There was only one charge of capital murder, |inand there was only one conviction.”). Accordingly, I question whether Wertz was properly charged and tried under the statute. For this reason, rather than rule on Wertz’s motion to recall the direct-appeal mandate at this juncture, I would order supplemental briefing from the parties on the issue of whether a double-jeopardy violation occurred. From the record and the briefs now before us, I am unable to answer that question with certainty, and I would request that the parties address and develop the issue. Rhonda K. Wood, Justice, dissenting. I would deny Wertz’s motion to recall the mandate because he cannot satisfy two of the three factors we traditionally use when deciding these motions. We first established these three factors in Robbins v. State: (1) A decision by this court “on all fours legally with the issue presented”; (2) A dismissal of a habeas petition by a federal district court to exhaust state claims; and (3) A death-penalty case. 353 Ark. 556, 564, 114 S.W.3d 217, 222-23 (2003). We further stated that, in order to recall the mandate, there must be “extraordinary circumstances.” Id. We granted petitioner’s motion in Robbins because these three factors were present: a prior case, Willett v. State, 322 Ark. 613, 911 S.W.2d 937 (1995). was on all fours legally; the federal district court had dismissed the habeas petition; and the death-penalty had been imposed. Importantly, Robbins was intended to be “one of a kind, not to be repeated.” Id. We applied the Robbins factors in other cases as well. For example, we denied a motion to recall the mandate where the only factor present was the imposition of the death-penalty. Echols v. State, 360 Ark. 332, 338, 201 S.W.3d 890, 894 (2005). And we granted relief in Lee v. State, 367 Ark. 84, 238 S.W.3d 52 (2006). There, petitioner asked us to recall In the mandate in his Rule 37 proceedings because his counsel during those proceedings had been intoxicated. Notably, before addressing petitioner’s claim, we reformulated the first factor from Robbins, changing it from “a case on all fours legally” to “a breakdown in the appellate process.” Id. at 88, 238 S.W.3d at 55. The three factors changed again in Nooner v. State, 2014 Ark. 296, 438 S.W.3d 233. There, we said that the Robbins factors were “relevant” though that “strict satisfaction of all three factors was not required.” Id. at 9, 438 S.W.3d at 239. We also clarified “breakdown in the appellate process” to mean “an error alleged to have been made by this court during the course of its appellate review.” Id. However, we reaffirmed the principle that a motion to recall the mandate should “be used sparingly as a last resort ... [and] ‘held in reserve against grave, unforeseen contingencies.’” Id. (citing Robbins, supra ). We later denied petitioner’s motion to recall the mandate when there was a problem with the mitigating-factor jury instruction because petitioner failed to demonstrate error. Id. at 20, 438 S.W.3d at 245. I would return to the Robbins factors, which have been unnecessarily eroded. Yet even under the current formulation, only the third factor is present: the death-penalty has been imposed. The other two factors are missing. First, there was no breakdown in the appellate process. Nor is there a case on all fours legally.[7] Second, as even Wertz admits, his ^federal habeas petition has not been dismissed for failure to. exhaust state remedies. Because these two factors are missing, and because this case otherwise presents no extraordinary circumstances, I would deny the motion to recall the mandate. . The circuit court’s judgment and commitment order lists "TOTAL NUMBER OF COUNTS” as "2”; on the other hand, only one "offense” — capital murder — is reflected below that line. . The majority's misuses Anderson v. State, which has no similarities to this case. In Anderson, the jury marked the sentencing form that said "No evidence of a mitigating circumstance was presented.” 357 Ark. 180, 219, 163 S.W.3d 333, 357 (2004). However, during sentencing, the defendant had offered evidence regarding his abusive family and troubled childhood. We concluded that the jury failed to consider mitigating evidence and reversed and remanded for resentencing. Here, though, the issue involves aggravating circumstances. And there is no evidence that the jury failed to consider any mitigating factors, which was the crux of the Anderson case.