Ledell LEE *v.* STATE of Arkansas

CR 08-160                                          289 S.W.3d 61

Supreme Court of Arkansas
Opinion delivered November 13, 2008

*Durrett & Coleman*, by: *Gerald A. Coleman*, for appellant.

No response.

PER CURIAM. In 1993, the appellant, Ledell Lee, was convicted of capital murder and sentenced to death. His conviction and sentence were affirmed by this court in *Lee v. State*, 327 Ark. 692, 942 S.W.2d 231, *cert. denied*, 522 U.S. 1002 (1997). Lee then filed a petition for postconviction relief pursuant to Ark. R. Crim. P. 37, on grounds that his trial attorneys rendered ineffective assistance of counsel. The circuit court appointed counsel to represent Lee in the postconviction proceedings. Following a hearing on the petition, the circuit court entered an order denying Lee's request for relief. This court affirmed the order in *Lee v. State*, 343 Ark. 702, 38 S.W.3d 334 (2001). However, in 2006, we granted a motion by Lee to recall that mandate because it was clear on the record that he had been denied effective assistance of counsel during his first Rule 37 proceeding. *Lee v. State*, 367 Ark. 84, 238 S.W.3d 52 (2006). We remanded the case to the circuit court for a new hearing on Lee's claims that he received ineffective assistance of counsel at trial.

The circuit court held another Rule 37 hearing on August 28, 2007, and, on November 21, 2007, entered an order denying Lee's motion for postconviction relief. The order relied on testimony from the August 28, 2007 hearing, stipulated testimony from evidentiary hearings held in January and March of 1999, and trial testimony. Appellant filed a notice of appeal in this court alleging that the circuit court erred in denying his Rule 37 petition with respect to alleged ineffective assistance of counsel in both the guilt and penalty phases of his trial.

We are unable to consider appellant's appeal at this time because his brief is not in compliance with Ark. Sup. Ct. R. 4-2(a) (2008). Our rules require an appellant to abstract all material parts of the testimony of the witnesses and colloquies between the court and counsel and other parties as are necessary to an understanding of all questions presented to the court for decision. *Id.* R.

4-2(a)(5). Furthermore, on a second or subsequent appeal, the abstract must include a condensation of all pertinent portions of the transcript filed on any prior appeal. *Id.* Our rules also require that the appellant include all relevant pleadings in the addendum portion of his brief. *Id.* R. 4-2(a)(8).

In this case, the appellant failed to abstract all relevant portions of the guilt and penalty phases of his underlying criminal trial. Lee also failed to abstract the relevant testimony from the first Rule 37 proceeding. Finally, the addendum is deficient because Lee failed to include a copy of his amended Rule 37 petition. Our Rules state that:

> Whether or not the appellee has called attention to deficiencies in the appellant's abstract or Addendum, the Court may address the question at any time. If the Court finds the abstract or Addendum to be deficient such that the Court cannot reach the merits of the case, or such as to cause an unreasonable or unjust delay in the disposition of the appeal, the Court will notify the appellant that he or she will be afforded an opportunity to cure any deficiencies, and has fifteen days within which to file a substituted abstract, Addendum, and brief, at his or her own expense, to conform to Rule 4-2(a)(5) and (8).

Ark. R. Sup. Ct. 4-2(b)(3) (2008).

Accordingly, we order appellant to file a substituted brief, curing the deficiencies in the abstract and addendum, within fifteen days from the date of entry of this order. After service of the substituted brief, the appellee shall have an opportunity to file a responsive brief in the time prescribed by the supreme court clerk, or to rely on the brief previously filed in this appeal.

Rebriefing ordered.