375 Ark. 421

**Ledell LEE, Appellant,**

**v.**

**STATE of Arkansas, Appellee.**

**No. CR 08–160.**

Supreme Court of Arkansas.

Jan. 22, 2009.

Durrett & Coleman, by: Gerald A. Coleman, West Memphis, for appellant.

PER CURIAM.

In a per curiam opinion, handed down on November 13, 2008, we ordered the appellant, Ledell Lee, to file a substituted brief because the brief he had filed did not comply with Ark. Sup.Ct. R. 4–2(a) (2008). Lee, through his attorneys, has filed a substituted brief; however, it still does not comply with our rules.

This case has a long procedural history before this court, which we detailed in the

November 13, 2008 opinion. To restate, Lee was convicted of capital murder in 1993 and was sentenced to death. This court affirmed his conviction and sentence in *Lee v. State,* 327 Ark. 692, 942 S.W.2d 231, *cert. denied,* 522 U.S. 1002, 118 S.Ct. 572, 139 L.Ed.2d 412 (1997). Lee filed a petition for postconviction relief pursuant to Ark. R.Crim. P. 37, alleging that his trial attorneys rendered ineffective assistance of counsel, during both the guilt and penalty phases of his trial. After holding hearings, in January and March 1999, the circuit court denied Lee's petition. This court affirmed in *Lee v. State,* 343 Ark. 702, 38 S.W.3d 334 (2001). In 2006, we granted a motion by Lee to recall the mandate in that case because the record indicated that he had received ineffective assistance of counsel during the first Rule 37 proceeding. *Lee v. State,* 367 Ark. 84, 238 S.W.3d 52 (2006). We remanded the case for a new hearing on Lee's Rule 37 petition.

The circuit court held another Rule 37 hearing on August 28, 2007, at which Lee was represented by newly appointed counsel. On November 21, 2007, the circuit judge entered findings of fact and conclusions of law, again denying Lee's petition for postconviction relief. That order specifically relied on testimony from the August 28, 2007 hearing; stipulated testimony from the hearings held in January and March 1999; testimony introduced during the guilt and penalty phases of the trial; Lee's pleadings; the record of the case; and the arguments of counsel. Lee appealed the November 21, 2007 findings of fact and conclusions of law to this court,

and we ordered that Lee file a substituted brief in conformance with our rules. *Lee v. State,* 375 Ark. 124, 289 S.W.3d 61 (2008).[1]

Our rules require an appellant to abstract all material parts of the testimony of the witnesses and colloquies between the court and counsel and other parties as are necessary to an understanding of all questions presented to the court for decision. Ark. Sup.Ct. R. 4–2(a)(5) (2008). Furthermore, on a second or subsequent appeal, the abstract must include a condensation of all pertinent portions of the transcript filed on any prior appeal. *Id.* Our rules also require that the appellant include all relevant orders, pleadings, exhibits, and documents in the addendum portion of his brief. *Id.* R. 4–2(a)(8).

Lee's substituted brief does not include a copy of the Rule 37 petition on which the circuit judge ruled in his November 21, 2007 order. Furthermore, the abstract in the substituted brief does not appear to include the relevant testimony from all of the postconviction hearings.[2] While the substituted brief did include abstracted testimony from the guilt and penalty phases of the trial, Lee also abstracted various pleadings, exhibits, and orders from the underlying trial. Our rules make clear that "true and legible photocopies of the order ... from which the appeal is taken, along with any other relevant pleadings, documents, or exhibits essential to an understanding of the case and the Court's jurisdiction on appeal" must be included in the addendum, not in the abstract portion of the brief. *Id.* According to our rules:

---

1. We specifically noted that Lee had failed to abstract all relevant portions of the guilt and penalty phases of his underlying criminal trial or the relevant testimony from the first Rule 37 proceeding. Lee's brief was deficient also because the addendum did not include a copy of his amended Rule 37 petition.

2. Lee abstracted testimony from the "Rule 37 Hearing." However, the brief does not indicate which Rule 37 hearing was abstracted. Lee must abstract all relevant testimony from the January and March 1999 hearings, as well as from the August 28, 2007 hearing.

Whether or not the appellee has called attention to deficiencies in the appellant's abstract or Addendum, the Court may address the question at any time. If the Court finds the abstract or Addendum to be deficient such that the Court cannot reach the merits of the case, or such as to cause an unreasonable or unjust delay in the disposition of the appeal, the Court will notify the appellant that he or she will be afforded an opportunity to cure any deficiencies, and has fifteen days within which to file a substituted abstract, Addendum, and brief, at his or her own expense, to conform to Rule 4–2(a)(5) and (8).

Ark. R. Sup.Ct. 4–2(b)(3) (2008).

Accordingly, we again order Lee to file a substituted brief, curing the deficiencies in the abstract and addendum, within fifteen days from the date of entry of this order. To be clear, Lee's brief must, at a minimum, abstract the following: All relevant testimony from the guilt and penalty phases of the trial, all relevant testimony from the January and March 1999 evidentiary hearings, and all relevant testimony from the January 28, 2007 Rule 37 hearing. Also, again at a minimum, Lee's brief must include photocopies of the following documents in his addendum: The November 21, 2007 findings of fact and conclusions of law, the Rule 37 petition on which the Pulaski County Circuit Court ruled in its November 21, 2007 order, and Lee's notice of appeal. The addendum must also contain photocopies of any other pleadings, exhibits, or documents relevant to this court's understanding of the issues on appeal.

After service of the substituted brief, the appellee shall have an opportunity to file a responsive brief in the time prescribed by the Supreme Court Clerk, or to rely on the brief previously filed in this appeal.

Because this is the second time this court has been forced to order rebriefing in this case, we refer the defense attorneys to the Committee on Professional Conduct.

Rebriefing ordered.