2009 Ark. 279

**Robert Lee WILLIAMS a/k/a R.J. Williams, Appellant,**

v.

**STATE of Arkansas, Appellee.**

No. CR 08-356.

Supreme Court of Arkansas.

May 14, 2009.

Cathleen V. Compton, for appellant.

No response.

PER CURIAM.

Appellant Robert Lee Williams appeals from his convictions for capital murder,

residential burglary, and aggravated robbery and his sentence to life imprisonment without parole. Because his brief fails to comply with our rules, we order rebriefing.

Our addendum rule, provides, in pertinent part:

> (8) *Addendum.* Following the signature and certificate of service, the appellant's brief shall contain an Addendum which shall include true and legible photocopies of the order, judgment, decree, ruling, letter opinion . . . from which the appeal is taken, along with any other relevant pleadings, documents, or exhibits essential to an understanding of the case and the Court's jurisdiction on appeal. In the case of lengthy pleadings or documents, only relevant excerpts in context need to be included in the Addendum. Depending upon the issues on appeal, the Addendum may include such materials as the following: a contract, will, lease, or any other document; proffers of evidence; jury instructions or proffered jury instructions; the court's findings and conclusions of law; orders; administrative law judge's opinion; discovery documents; requests for admissions; and relevant pleadings or documents essential to an understanding of the Court's jurisdiction on appeal such as the notice of appeal. The Addendum shall include an index of its contents and shall also be clear where any item appearing in the Addendum can be found in the record. The appellee may prepare a supplemental Addendum if material on which the appellee relies is not in the appellant's Addendum. Pursuant to subsection (c) below, the Clerk will refuse to accept an appellant's brief if its Addendum does not contain the required order, judgment, decree, ruling, letter opinion, or administrative law judge's opinion. The appellee's brief shall only contain an Addendum to include an item which the appellant's Addendum fails to include.

Ark. Sup. Ct. R. 4–2(a)(8) (2008). In addition, in life-imprisonment cases, such as this one,

> the Court must review all errors prejudicial to the appellant in accordance with Ark.Code Ann. § 16–91–113(a). To make that review possible, the appellant must abstract, or include in the Addendum, as appropriate, all rulings adverse to him or her made by the circuit court on all objections, motions and requests made by either party, together with such parts of the record as are needed for an understanding of each adverse ruling. The Attorney General will make certain and certify that all of those objections have been abstracted, or included in the Addendum, and will brief all points argued by the appellant and any other points that appear to involve prejudicial error.

Ark. Sup. Ct. R. 4–3(h) (2008).

Rule 4–2(b)(3) sets forth the procedure to be followed when an appellant has failed to supply this court with an adequate brief:

> (3) Whether or not the appellee has called attention to deficiencies in the appellant's abstract or Addendum, the Court may address the question at any time. If the Court finds the abstract or Addendum to be deficient such that the Court cannot reach the merits of the case, or such as to cause an unreasonable or unjust delay in the disposition of the appeal, the Court will notify the appellant that he or she will be afforded an opportunity to cure any deficiencies, and has fifteen days within which to file a substituted abstract, Addendum, and brief, at his or her own expense, to conform to Rule 4–2(a)(5) and (8). Mere modifications of the original brief by the appellant, as by interlineation, will not be accepted by the Clerk. Upon the

filing of such a substituted brief by the appellant, the appellee will be afforded an opportunity to revise or supplement the brief, at the expense of the appellant or the appellant's counsel, as the Court may direct. If after the opportunity to cure the deficiencies, the appellant fails to file a complying abstract, Addendum and brief within the prescribed time, the judgment or decree may be affirmed for noncompliance with the Rule.

Ark. Sup. Ct. R. 4–2(b)(3).

In reviewing Williams's brief and record, we have found the following deficiencies in his brief, including, but certainly not limited to: (1) the failure to include the judgment and commitment order from which the appeal is taken, despite being given a seven-day extension to include the order;[1] (2) the failure to include a timely notice of appeal;[2] (3) the failure to include an evaluation cited to by Williams in his first point on appeal;[3] and (4) the failure to include the circuit court's letter opinion denying his motion in limine, which is the subject of his third point on appeal.

Because Williams has failed to comply with our rules, we order Williams to file a substituted brief, which complies with our rules, within fifteen days from the date of entry of this order. We further encourage appellate counsel, prior to filing the substituted brief, to review our rules and the appellant's substituted brief to ensure that no additional deficiencies are present, as any subsequent rebriefing order in this criminal matter may result in referral to our Committee on Professional Conduct. *See, e.g., Lee v. State,* 375 Ark. 421, 291 S.W.3d 188 (2009).

Rebriefing ordered.

GUNTER, J., not participating.

---

1. Instead, appellant's addendum contains an order denying transfer to juvenile court, which was previously appealed to the court of appeals and was affirmed in an unpublished opinion by that court. *See Williams v. State,* CA CR 05–1342, 2006 WL 2556389 (Ark.App. Sept. 6, 2006).

2. Instead, appellant's addendum contains a notice of appeal and amended notice of appeal from the order denying transfer.

3. While appellant's argument cites to the report located on page 20 of the addendum as being that of Dr. DeYoub, that page contains a report by Dr. Charles Mallory, which only references Dr. DeYoub's report. However, a report by Dr. DeYoub is contained in the record.