SLIP OPINION

2014 Ark. App. 582

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CR-13-313

|  |  |
|---|---|
| ANTWAN LAVON FOWLER<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | Opinion Delivered  October 29, 2014<br><br>APPEAL FROM THE FAULKNER<br>COUNTY CIRCUIT COURT<br>[NO. CR-2011-500]<br><br>HONORABLE DAVID L.<br>REYNOLDS, JUDGE<br><br>REBRIEFING ORDERED |

## BRANDON J. HARRISON, Judge

A jury found Antwan Fowler guilty of possession of a firearm by certain persons. He now appeals his conviction, arguing that the circuit court erred in denying his motions to suppress his statement to the police and evidence seized from his vehicle. We previously ordered rebriefing in this case due to deficiences in Fowler's abstract and addendum. *Fowler v. State*, 2014 Ark. App. 259. Because we again find Fowler's brief deficient, we order rebriefing.

In our previous opinion, we noted that Fowler had failed to abstract counsels' arguments or the circuit court's ruling at the suppression hearing. We also explained that an audio recording of the police officer's interaction with Fowler, along with a transcript, was played for the court and entered into evidence, but Fowler had not included this audio recording in the addendum, nor had he abstracted the transcript. In the current brief, the audio-recording transcript has been abstracted, but counsels' arguments and the circuit court's ruling have not. The addendum remains unchanged as well.

Rule 4-2(a)(5) requires an appellant to create an abstract of the material parts of all the transcripts in the record. Information is material if it is essential for the appellate court to confirm its jurisdiction, to understand the case, and to decide the issues on appeal, and includes such material as counsels' arguments and the ruling of the court. *See* Ark. Sup. Ct. R. 4-2 (a)(5)(A). In addition, Rule 4-2(a)(8)(A)(i) requires the addendum to include all items that are essential for the appellate court to understand the case and to decide the issues on appeal, including exhibits such as CDs and DVDs.

Pursuant to Arkansas Supreme Court Rule 4-2(b)(3), we order Fowler to file a substituted brief curing these deficiencies within fifteen days from the entry of this order. After service of the substituted brief, the State will have the opportunity to file a responsive brief; or it may choose to rely on the brief previously filed in this appeal.

We strongly advise Fowler's counsel to examine our rules closely to ensure that no additional deficiencies are present and to submit a compliant brief within the prescribed time. Any subsequent rebriefing order in this criminal matter may result in a referral to the Committee on Professional Conduct. *See, e.g.*, *Lee v. State*, 375 Ark. 421, 291 S.W.3d 188 (2009) (per curiam).

Rebriefing ordered.

WALMSLEY and GRUBER, JJ., agree.

*Teresa Bloodman*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Vada Berger*, Ass't Att'y Gen., for appellee.