
# ARKANSAS COURT OF APPEALS

DIVISION IV
**No.** CR-13-316

| | |
|---|---|
| | Opinion Delivered February 18, 2015 |
| ANTWAN FOWLER<br>APPELLANT | APPEAL FROM THE FAULKNER COUNTY CIRCUIT COURT [NO. CR-2011-1160] |
| V. | |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE DAVID L. REYNOLDS, JUDGE |
| | REBRIEFING ORDERED |

## BRANDON J. HARRISON, Judge

A jury found Antwan Fowler guilty of first-degree murder. He now appeals his conviction, arguing that the circuit court erred in (1) denying his motion for directed verdict, (2) not allowing the defense to call Dr. Frank Peretti as a witness, (3) not ordering a competency hearing for one of the State's witnesses, (4) limiting Fowler's cross-examination of certain witnesses, (5) granting a continuance, and (6) not granting a mistrial due to jury misconduct. Due to deficiencies in Fowler's brief, we are unable to reach the merits of his arguments and instead order rebriefing.

Arkansas Supreme Court Rule 4–2(a)(5) (2014) requires an appellant to create an abstract of the material parts of all the transcripts in the record. Information is material if it is essential for the appellate court to confirm its jurisdiction, to understand the case, and to decide the issues on appeal. Ark. Sup. Ct. R. 4–2(a)(5). The abstract must be an impartial condensation, without comment or emphasis, of the transcript; and no more than one

page of a transcript shall be abstracted without giving a record page reference. Ark. Sup. Ct. R. 4–2(a)(5)(B). Finally, a question-and-answer format cannot be used. *Id.*

Fowler has failed to present the abstract in its proper form. Throughout much of the abstract, he has listed the questions asked of a witness and then listed the responses, for example:

> MS. BLOODMAN, questions the witness about the sounds he heard from the east and his position, if at that point had he received a call from dispatch, if he thought it might have been fireworks or the Lieutenant, if there was a discussion about fireworks or gunshots, if at the time of the discussion if they had received a call from dispatch, if anyone was shooting when he arrived, if he saw Mr. Fowler on the ground, if he had looked around his body for a weapon, if he locate [sic] a weapon, if he at that point considered it a crime scene, if he took samples or collected evidence from Mr. Fowler's hand to determine if he had fired a weapon, if Mr. Fowler's clothing was removed from the scene of the accident, if he made sure got treatment, if he talked to any person in the area. (R 769–71)
> Yes Ma'am. No Ma'am. No Ma'am. I knew immediately that it was gunshots. My lieutenant thought it might have been fireworks.
> He and I were in disagreement about that. Yes Ma'am. I knew it was gun fire, or I knew it was gunshots. Yes Ma'am. No Ma'am. No Ma'am.
> Yes Ma'am. Yes Ma'am. No Ma'am. Yes Ma'am. No Ma'am, that is [sic] No, Ma'am, I did not. No Ma'am, we, at that point had to make sure that he's safe and get him to a place to get treatment. Yes Ma'am. Yes Ma'am.

As presented, this abstract does not allow this court to understand the case or to decide the issues on appeal.

The quoted passage, which is only one example, also highlights another abstracting error. In many places more than one page of the record is abstracted without an accompanying record page reference; in some places up to twenty pages of the record are abstracted without the required record page references. And more than fifty pages of the

271-page abstract involve matters that are irrelevant to the points on appeal. Excessive abstracting violates Rule 4-2 too. *See Patton v. State*, 2013 Ark. App. 131.

Pursuant to Arkansas Supreme Court Rule 4-2(b)(3), we order Fowler to file a substituted brief curing these deficiencies within fifteen days from the entry of this order. After service of the substituted brief, the State will have the opportunity to file a responsive brief, or it may choose to rely on the brief previously filed in this appeal.

We strongly advise Fowler's counsel to examine our rules closely to ensure that no additional deficiencies are present and to submit a compliant brief within the prescribed time. Any subsequent rebriefing order in this criminal matter may result in a referral to the Committee on Professional Conduct. *See, e.g.*, *Lee v. State*, 375 Ark. 421, 291 S.W.3d 188 (2009) (per curiam).

Rebriefing ordered.

WHITEAKER and VAUGHT, JJ., agree.

*Teresa Bloodman*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Eileen W. Harrison*, Ass't Att'y Gen., for appellee.