
SLIP OPINION

Cite as 2013 Ark. 381

# SUPREME COURT OF ARKANSAS

No. CV-12-49

| | |
|---|---|
| DENNIS RAY MATTHEWS<br>APPELLANT<br><br>V.<br><br>RAY HOBBS, DIRECTOR, ARKANSAS<br>DEPARTMENT OF CORRECTION<br>APPELLEE | Opinion Delivered October 3, 2013<br><br>PRO SE APPEAL FROM THE<br>JEFFERSON COUNTY CIRCUIT<br>COURT, 35CV-11-682, HON. JODI<br>RAINES DENNIS, JUDGE<br><br>AFFIRMED. |

## PER CURIAM

In 1981, appellant Dennis Ray Matthews entered a plea of guilty to capital murder and was sentenced to life imprisonment without parole. In 2011, appellant filed a pro se petition for writ of habeas corpus in the Jefferson County Circuit Court, located in the county where he was in custody.[1] The circuit court dismissed the petition, and appellant brings this appeal. We find no error and affirm the order.

A writ of habeas corpus is only proper when a judgment of conviction is invalid on its face or when a trial court lacked jurisdiction over the cause. *Girley v. Hobbs*, 2012 Ark. 447 (per curiam); *Abernathy v. Norris*, 2011 Ark. 335 (per curiam). The burden is on the petitioner in a habeas-corpus petition to establish that the trial court lacked jurisdiction or that the commitment was invalid on its face; otherwise, there is no basis for a finding that a writ of habeas corpus should issue. *Young v. Norris*, 365 Ark. 219, 226 S.W.3d 797 (2006) (per curiam). Under our statute, a petitioner who does not allege his actual innocence must plead either the facial

---

[1]As of the date of this decision, appellant remains incarcerated in Jefferson County.

SLIP OPINION

invalidity or the lack of jurisdiction by the trial court and make a showing by affidavit or other evidence of probable cause to believe that he is illegally detained. Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2006); *Murry v. Hobbs*, 2013 Ark. 64 (per curiam). A habeas proceeding does not afford a prisoner an opportunity to retry his or her case, and it is not a substitute for pursuing postconviction relief under Arkansas Rule of Criminal Procedure 37.1. *Friend v. Norris*, 364 Ark. 315, 219 S.W.3d 123 (2005) (per curiam).

Using the words "insane" and "mentally incompetent" interchangeably, appellant contended in his petition that he was insane or mentally incompetent at the time he entered his plea, that the conviction of an insane or mentally incompetent person is illegal on its face, and that the trial court is deprived of jurisdiction to proceed to try such a person. Even if the argument could be said to provide a basis for a writ of habeas corpus, appellant did not point to any proof that he was not sane or otherwise mentally competent to proceed. His only support for the claim was that a pretrial mental evaluation was ordered for him but not conducted and the trial court never ruled on the issue of competency before the judgment was entered.

In *Henderson v. State*, 2010 Ark. 30 (per curiam), this court addressed the issue of whether the failure to conduct a mental evaluation before the petitioner's trial deprived the court of personal or subject-matter jurisdiction and held that it did not. We said in *Henderson* that any claim the petitioner desired to raise regarding the lack of a mental evaluation could have been raised in the trial court at the time of trial. When a defendant enters a plea of guilty, the plea is his or her trial. *Coleman v. State*, 2011 Ark. 308 (per curiam) (citing *Crockett v. State*, 282 Ark. 582, 669 S.W.2d 896 (1984)). A habeas-corpus proceeding does not afford a convicted defendant

an opportunity to retry his case and argue issues that could have been settled at trial. *Hill v. State*, 2013 Ark. 143 (per curiam).

Appellant also raises on appeal a number of allegations that were not specifically argued in the petition. To the extent that those allegations are new claims for relief that do not establish that there was a lack of jurisdiction in the trial court or that the judgment-and-commitment order was invalid on its face, the claims will not be considered by this court for the first time on appeal. *See Justus v. Hobbs*, 2013 Ark. 149 (per curiam). An appellant may not raise issues that are outside the petition filed below that merely concern trial error and go outside the scope and nature of the petition considered by the trial court. *See James v. State*, 2013 Ark. 290 (per curiam) (citing *Cowan v. State*, 2011 Ark. 537 (per curiam)).

Because appellant's petition did not establish the facial invalidity of the judgment or demonstrate a lack of the trial court's jurisdiction, appellant did not establish a basis for a writ of habeas corpus to issue. *See Culbertson v. State*, 2012 Ark. 112 (per curiam); *Skinner v. Hobbs*, 2011 Ark. 383 (per curiam); *see also McHaney v. Hobbs*, 2012 Ark. 361 (per curiam) (Due-process allegations are not cognizable in a habeas proceeding.) Accordingly, the circuit court did not err when it declined to issue a writ to effect appellant's release from custody.

Affirmed.

*Dennis Ray Matthews*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Ashley Argo Priest*, Ass't Att'y Gen., for appellee.