SLIP OPINION

Cite as 2014 Ark. 365

# SUPREME COURT OF ARKANSAS

No. CR–13–670

| | | |
|---|---|---|
| CHARLES WEEKLY | APPELLANT | Opinion Delivered September 11, 2014 |
| V. | | PRO SE APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT [NOS. 60CR–86-299, 60CR–86-874] |
| STATE OF ARKANSAS | APPELLEE | HONORABLE LEON JOHNSON, JUDGE |
| | | AFFIRMED. |

## PER CURIAM

In 1986, appellant Charles Weekly entered a plea of guilty to rape and kidnapping charges in the Pulaski County Circuit Court in both case No. 60CR–86–299 and case No. 60CR–86–874. He was sentenced to a term of life imprisonment in each of the cases for rape and a term of ten years' imprisonment in each case for kidnapping.

In 2013, appellant filed in the trial court a pro se petition for writ of error coram nobis, alleging that he had been subjected by the police to verbal and physical abuse to obtain confessions, he had been coerced by his attorney into pleading guilty by threats that the police would retaliate against him with grave bodily harm and other egregious injustices, the prosecution had withheld certain statements and information from the defense, and he was temporarily insane at the time the plea was entered. The trial court denied appellant's petition on the grounds that the claims were conclusory in nature. The trial court further declared that the petition was subject to denial on the basis that appellant did not act with due

SLIP OPINION

diligence in filing the petition, which was filed almost twenty–seven years after the judgments had been entered.[1] Appellant brings this appeal from the order.

The standard of review of a denial of a petition for writ of error coram nobis is whether the circuit court abused its discretion in denying the writ. *Wright v. State*, 2014 Ark. 25 (per curiam); *McClure v. State*, 2013 Ark. 306 (per curiam); *Lee v. State*, 2012 Ark. 401 (per curiam). An abuse of discretion occurs when the circuit court acts arbitrarily or groundlessly. *Wright*, 2014 Ark. 25; *McClure*, 2013 Ark. 306.

A writ of error coram nobis is an extraordinarily rare remedy more known for its denial than its approval. *Cromeans v. State*, 2013 Ark. 273 (per curiam). Coram–nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Greene v. State*, 2013 Ark. 251 (per curiam). The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the circuit court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Id.* The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Burks v. State*, 2013 Ark. 188 (per curiam).

Due diligence is required in making an application for relief. *Pitts v. State*, 2014 Ark. 132 (per curiam); *McClure*, 2013 Ark. 306.

The writ is allowed only under compelling circumstances to achieve justice and to

---

[1]Judgment was entered in the two cases on September 4, 1986. The coram-nobis petition was filed on April 12, 2013, approximately twenty-six years and seven months after the judgments had been entered.

address errors of the most fundamental nature. *Cromeans*, 2013 Ark. 273. We have held that a writ of error coram nobis is available to address certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. *Wright*, 2014 Ark. 25; *Greene*, 2013 Ark. 251.

On appeal, appellant first argues that the trial court erred by not holding an evidentiary hearing on the coram-nobis petition. We find no error as the claims in the petition were unsupported by factual substantiation sufficient to warrant a hearing, and the claims were not raised with due diligence. *See Nelson v. State*, 2014 Ark. 91, 431 S.W.3d 852; *see Pierce v. State*, 2009 Ark. 606 (per curiam). When a petition for writ of error coram nobis is filed directly in the trial court, a hearing is not required if the petition clearly has no merit, either in that it fails to state a cause of action to support issuance of the writ, or where it is clear from the petition that the petitioner did not act with due diligence. *Deaton v. State*, 373 Ark. 605, 285 S.W.3d 611 (2008).

Appellant also asserts on appeal that the prosecution violated *Brady v. Maryland*, 373 U.S. 83 (1963), by not providing the following items to the defense: the victims' pretrial statements that would have shown that the sexual contact was consensual; medical and scientific reports that would have shown that the victims were not penetrated, and, thus, no rape occurred; "results and procedures" used to identify him as the perpetrator of the offenses.

Suppression of material exculpatory evidence by a prosecutor falls within one of the four categories of coram-nobis relief. *Pitts v. State*, 336 Ark. 580, 986 S.W.2d 407 (1999).

The Supreme Court in *Brady* held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material to guilt or punishment, irrespective of the good faith or bad faith of the prosecution." *Brady*, 373 U.S. at 87. In *Strickler v. Greene*, 527 U.S. 263 (1999), the Court revisited *Brady* and declared that evidence is material "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." 527 U.S. at 280 (quoting *United States v. Bagley*, 473 U.S. 667, 682 (1985)). In *Strickler*, the Court also set out the three elements of a true *Brady* violation: (1) the evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; (2) the evidence must have been suppressed by the State, either willfully or inadvertently; and (3) prejudice must have ensued. *Strickler*, 527 U.S. 263; *Buchanan v. State*, 2010 Ark. 285 (per curiam).

We agree with the trial court's decision that appellant did not demonstrate a *Brady* violation. Allegations contained in a coram-nobis petition need not be taken at face value. *Maxwell v. State*, 2009 Ark. 309 (per curiam). Appellant offered no factual support for the conclusory allegation that any of the material he lists could not have been obtained at the time the plea was entered because it was somehow hidden from the defense. Moreover, he did not meet his burden in the petition of showing that the outcome of the proceeding would have been different had any of the material been in the hands of the defense. *See Pitts*, 2014 Ark. 132. Appellant's bare assertions did not justify issuance of the writ. *See id.*; *see also Charland v. State*, 2013 Ark. 452 (per curiam); *Demeyer v. State*, 2013 Ark. 456 (per curiam).

With respect to appellant's allegation that he was coerced by the police into

incriminating himself and by his attorney into pleading guilty by threats of retaliation by the police if he did not, our review of the petition reveals no substantiated claims that his confessions were coerced or that his plea was coerced in the sense that the confessions or the plea were the result of fear, duress, or threats of mob violence as previously recognized by this court as cognizable in coram nobis relief." *See Nelson*, 2014 Ark. 91, 431 S.W.3d 852 (citing *Wright v. State*, 2014 Ark. 25, at 5 (per curiam)). In his brief, appellant adds to the allegation that he was physically abused by the police by saying that he was choked and slapped. Because those claims were not raised in the petition before the trial court, we will not consider them for the first time on appeal. *See Pollard v. State*, 2014 Ark. 226 (per curiam). An appellant is limited on appeal by the nature and scope of the allegations as those allegations were addressed to the trial court. *See Tester v. State*, 342 Ark. 549, 30 S.W.3d 99 (2000) (holding that a party cannot change the nature and scope of his argument on appeal); *see also Matthews v. Hobbs*, 2013 Ark. 381 (per curiam).

To the extent that the complaints about counsel's conduct were intended as allegations of ineffective assistance of counsel, such allegations are outside the purview of a coram–nobis proceeding. *See Mason v. State*, 2014 Ark. 91 (per curiam); *Watts v. State*, 2013 Ark. 485 (per curiam); *see also Hall v. State*, 2013 Ark. 404 (per curiam). Allegations that counsel did not render the effective assistance guaranteed a criminal defendant by the Sixth Amendment are properly raised in a timely petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2013). *Mason*, 2014 Ark. 91. A petition for writ of error coram nobis is not a substitute for proceeding under Rule 37.1. *Id*.; *State v. Tejeda-Acosta*, 2013 Ark.

217, 427 S.W.3d 673.

As to appellant's assertion that he was suffering from temporary insanity when he entered his plea of guilty, apart from the claims set out by appellant, there was no basis stated for the claim. Appellant contended only that he was overwhelmed, distraught, and unable to meaningfully assist in his defense. Again, allegations contained in a coram-nobis petition need not be taken at face value. *Maxwell*, 2009 Ark. 309 (per curiam). There was nothing factually offered to demonstrate that his state of mind amounted to insanity such that he was entitled to issuance of a writ of error coram nobis. Moreover, appellant pointed to no fact concerning his state of mind that was not known at trial; therefore, appellant's competence to enter the plea could have been addressed in the trial court when the plea was entered. His delay of nearly twenty-seven years in bringing the claim, coupled with the lack of factual substantiation for the allegation, renders the claim deficient and unpersuasive.

Finally, there was ample support for the trial court's determination that appellant's petition was subject to denial for lack of due diligence on appellant's part in bringing the coram-nobis petition. Although there is no specific time limit for seeking a writ of error coram nobis, due diligence is required in making an application for relief. *McClure*, 2013 Ark. 306. In the absence of a valid excuse for delay, the petition will be denied. *Roberts v. State*, 2013 Ark. 56, 425 S.W.3d 771. Due diligence requires that (1) the defendant be unaware of the fact at the time of the trial; (2) the defendant could not have, in the exercise of due diligence, presented the fact at trial; and (3) the defendant, after discovering the fact, did not delay bringing the petition. *Id.* The requirements are a sequence of events, each of which a

6

petitioner must show to prove due diligence. *Anderson v. State*, 2012 Ark. 270, 423 S.W.3d 20 (per curiam). Here, appellant offered no explanation for the failure to bring the allegations for almost twenty-seven years; accordingly, he failed to show that he exercised due diligence in bringing his claims. *See Smith v. State*, 2012 Ark. 403 (per curiam).

Affirmed.

*Charles Weekley*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Eileen W. Harrison*, Ass't Att'y Gen., for appellee.