JIM HANNAH, Chief Justice 11 Petitioner Sherman D. Noble filed in this court a petition to reinvest jurisdiction with the Jefferson County Circuit Court to hold a hearing on his petition for writ of error coram nobis. Noble argues that the circuit court erroneously dismissed his petition for lack of jurisdiction. We deny Noble’s petition. I. Facts A brief history of this case was set forth in Noble v. Norris, 368 Ark. 69, 243 S.W.3d 260 (2006) (“Noble VIII”), as follows. In 1992, Noble and two other men attempted to steal a BMW from a woman, Tresia Jester. As she drove off to avoid the robbery, she was shot and killed by Noble. Subsequently, on Sunday, October 25, ’ 1992, Noble entered a plea of guilty to the crime of capital-felony murder to avoid the possibility of receiving a sentence of death. As a result of the plea agreement, he was sentenced to life imprisonment without parole in the Arkansas Department of Correction. On Monday, October 26,1992, the circuit court entered its judgment and commitment order. On November 6,1992, Noble’s attorney, |?Mark Hampton, filed a notice of appeal. We dismissed Noble’s direct appeal because he failed to reserve his right to appeal, pursuant tó Arkansas Rule of Criminal Procedure 24.3(b), after entering a guilty plea. See Noble v. State, 314 Ark. 240, 862 S.W.2d 234 (1993) (“Noble I”). Since his direct appeal, Noble has been a party to numerous cases involving his guilty plea. See Noble v. State, 319 Ark. 407, 892 S.W.2d 477 (1995) (“Noble II”) (holding Noble was not entitled to postcon-viction relief based on his contention that he received ineffective assistance of counsel at trial and on appeal); Noble v. State, 326 Ark. 462, 932 S.W.2d 752 (1996) (per curiam) (“Noble III”) (holding that the issuance of a writ of mandamus would be a vain and useless act, despite the fact that the circuit court erred in sua sponte dismissing the appeal, because the notice of appeal was untimely); Noble v. State, 326 Ark. 912, 934 S.W.2d 525 (1996) (per curiam) (“Noble IV”) (allowing Noble to proceed with a belated appeal); Noble v. State, CR 96-1442, 1998 WL 313723 (Ark. June 11, 1998) (unpublished per curiam) (“Noble V”) (holding that Noble was not entitled to file a second petition for post-conviction relief under Rule 37 and, even if he was entitled to file, he could not have prevailed); Noble v. Norris, 04-524, 2005 WL 3008676 (Ark. Nov. 10, 2005) (unpublished per curiam) (“Noble VI”) (ordering rebriefing); Noble v. Norris, 04-524, 2005 WL 3436788 (Ark. Dec. 15, 2005) (unpublished per curiam) (“Noble VII ”) (granting Noble’s motion for extension of time); Noble v. Norris, 368 Ark. 69, 243 S.W.3d 260 (2006) (“Noble VIII ”) (affirming the circuit court’s denial of the petition for writ of habeas corpus and rejecting Noble’s argument that the circuit court was without subject-matter and statutory jurisdiction because of his guilty | splea on a Sunday). Noble also was unsuccessful in seeking federal habeas relief. See Noble v. Norris, H-C-99-98 (E.D. Ark. 1999). On August 1, 2013, Noble filed another petition for postconviction relief in the Jefferson County Circuit Court, and the State responded. On August 26, 2013, Noble asked the circuit court to consider his Rule 37 petition as a petition for writ of error coram nobis. In support of his petition, Noble filed an affidavit of Mark Hampton, his defense attorney at trial, and his own affidavit. On October 18, 2013, the circuit court dismissed Noble’s petition and ruled [that it lacked jurisdiction because Noble lhad not provided any evidence that the ^Arkansas Supreme Court had reinvested Ihe circuit court with jurisdiction to enter-lain his petition for writ of error coram ■obis. I On June 6, 2014, Noble filed with this Bourt a petition to reinvest jurisdiction fcth the Jefferson County Circuit Court, Bleging that (1) he was unaware at the Hne of his guilty plea that his attorney Hid not received the consent of the prose-Htor and the circuit court for Noble to Hpeal the denial of his motion to suppress Hi statement; (2) he had been inearcerat-H since his arrest and had relied on his Horneys to know the applicable law; and ■ he was unaware that his plea was not voluntarily, knowingly, or intelligently made until his present attorney advised him. The State responded that his claims are not cognizable because he raised multiple ineffective-assistance-of-counsel claims in a coram-nobis proceeding under the guise that his guilty plea was coerced. On June 26, 2014, we accepted Noble’s petition to reinvest jurisdiction with the Jefferson County Circuit Court as a case and now consider his petition. |4II. Jurisdiction Noble argues that we should reinvest jurisdiction in the Jefferson County Circuit Court to hold a hearing on his petition for writ of error coram nobis. Specifically, Noble contends that his October 25, 1992 guilty plea was coerced and that the circuit court should now hold a hearing to consider any evidence of coercion. The State responds that Noble should have filed his petition for a writ of error coram nobis directly in the circuit court, and that because he failed to do so, we should dismiss his petition. The State alternatively asserts that this court should deny Noble’s petition to reinvest jurisdiction because the writ of error coram nobis lies to correct a judgment by the court that rendered it. See State v. Hudspeth, 191 Ark. 963, 88 S.W.2d 858 (1935). This court has articulated the rules for a writ of error coram nobis as follows: A writ of error coram nobis is an extraordinarily rare remedy more known for its denial than its approval. Mackey v. State, 2014 Ark. 491 [2014 WL 6602313] (per curiam). Coram-no-bis proceedings are attended by a strong presumption that the judgment of conviction is valid. Greene v. State, 2013 Ark. 251 [2013 WL 2460096] (per curiam). The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. Id. The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. Burks v. State, 2013 Ark. 188 [2013 WL 1858857] (per curiam). The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. Mackey, 2014 Ark. 491 [2014 WL 6602313]; Cromeans v. State, 2013 Ark. 273 [2013 WL 3179379] (per curiam). A writ of error coram nobis is available for addressing certain errors that are found in one of four categories: (1) insanity at the time of trial, (2)' a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. Wright v. State, 2014 Ark. 25 [2014 WL 260993] (per curiam); Greene, 2013 Ark. 251 [2013 WL 2460096]. Rhoades v. State, 2015 Ark. 54, at 3-4, 455 S.W.3d 291 (per curiam). |fiAs a threshold, jurisdictional matter, we address whether Noble must petition this court for leave to reinvest jurisdiction in the circuit' court or whether the Jefferson County Circuit Court had jurisdiction of his petition in the first instance. The general rule is that, when a conviction was entered on a plea of guilty or nolo contendere or when the conviction was not appealed, a petition for writ of error coram nobis is filed directly in the trial-court. Dansby v. State, 343 Ark. 635, 37 S.W.3d 599 (2001). However, this rule does not apply when the record is filed with the appellate court. See Green v. State, 2015 Ark. 25, 453 S.W.3d 677 (per curiam). In Green, appellant filed a petition for writ of error coram nobis in the' circuit court challenging a 2008 judgment reflecting his guilty pleas in three separate cases. The circuit court denied the petition for the writ of error coram nobis, and appellant appealed the court’s denial of the petition. We stated as follows: A prisoner who appealed his judgment and who wishes to attack his conviction by means of a petition for writ of error coram nobis must first request that this court reinvest jurisdiction in the trial court because the filing of the transcript in an appellate court deprives the trial court of jurisdiction. Maxwell v. State, 2012 Ark. 251 [2012 WL 1950253] (per curiam).... The petition for leave to proceed in the trial court is necessary because the trial court can entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal only after we grant permission. Mackey v. State, 2014 Ark. 491 [2014 WL 6602313] (per curiam). Green, 2015 Ark. 25, at 2, 453 S.W.3d 677 (emphasis added). Appellant Green did not appeal the 2008 judgment at issue; however, we considered Green’s appeal of the circuit court’s denial of his error-co-ram-nobis petition and ultimately dismissed it. In the present case, Noble, unlike appellant Green, filed a direct appeal in 1992 and argued in Noble I, 314 Ark. 240, 862 S.W.2d 234, that the circuit court should have granted his motion to suppress his in-, custody statement made to the police. We dismissed the appeal on the basis bthatj Noble did not condition his guilty plea byl reserving in writing his right to appeal.! Id. Years later, in 2013, Noble filed hisl petition for writ of error coram nobis witli the Jefferson County Circuit Court, ancl the circuit court dismissed the petition ami ruled that “[t]he petitioner has not providl ed any evidence that the Supreme Com* has reinvested this [circuit] court with jurisdiction to hear his petition for writ of error coram nobis.” As such, we agree that the circuit court properly dismissed Noble’s petition for lack of jurisdiction, as two important facts in this case pertain to this court’s jurisdiction. First, we dismissed Noble’s direct appeal in Noble I, and throughout his subsequent appeals, the record for CR-93-427 remained on file in this court. Second, Noble’s record in this court deprived the circuit court of jurisdiction to entertain Noble’s petition at the circuit-court level. Green, 2015 Ark. 25, 453 S.W.3d 677 (citing Maxwell, 2012 Ark. 251, 2012 WL 1950253). Thus, based on the facts specific to this case, Noble must first ask this court to reinvest jurisdiction in the circuit court, as he has done in the instant petition. III. Merits For purposes of determining whether to grant Noble leave to proceed in the circuit court with his petition for writ of error coram nobis, this court must first determine whether the allegations in the petition fall within one of the four categories of error that may be addressed through co-ram-nobis proceedings. See Wright, 2014 Ark. 25, 2014 WL 260993. In his petition to reinvest jurisdiction, Noble makes the same allegations that he made in his 2013 petition for writ of error coram nobis. These allegations include ineffective-assistance claims directed toward counsel’s representation of Noble, particularly counsel’s failure (1) to discuss with |7NobIe the witnesses who would testify on his behalf; (2) to provide the State with a list of defense witnesses; (3) to notify Noble of the plea minutes before the October 25, 1992 hearing on a Sunday afternoon; (4) to obtain the consent of the prosecutor and the court prior to the conditional plea; (5) to tell Noble that his guilty plea could not be appealed; (6) to obtain Noble’s consent to enter the plea; (7) to give Noble the false promise of an appeal from his guilty plea; (8) to advise the State of witnesses regarding Noble’s alcohol abuse; (9) to advise Noble that the prosecutor refused to give its consent to his appeal; (10) to advise Noble that he would withdraw his appeal; (11) to advise Noble to appeal the court’s denial of his motion to suppress; (12) to deprive Noble of the voluntariness of the plea because counsel did not properly assert any known defenses; (13) to tell prosecutors that Noble’s plea would be a conditional plea with the right to appeal the denial of his suppression motion; and (14) to admit that counsel had done nothing to prepare for trial. Further, Noble alleged, inter alia, that his Sunday-afternoon guilty plea was not made knowingly, voluntarily, and intelligently because (1) he relied on-counsel’s promise that he would be able to appeal his guilty plea, and (2) “[counsel’s] unfamiliarity with the facts and law relevant to Noble’s case made him so ineffective that Noble’s guilty plea was not knowingly, voluntarily, or intelligently made.” To the extent that Noble intends to raise allegatiohs of ineffective assistance of counsel, such allegations are not cognizable in a coram-nobis proceeding. Assertions of inadequate counsel are properly brought pursuant to Arkansas Rule of Criminal Procedure 37.1. Schrader v. State, 2014 Ark. 379, 441 S.W.3d 1 (per curiam). We have consistently | sheld that a petition for writ of error coram nobis is not a substitute for raising claims of ineffective assistance of counsel under Rule 37.1. Mason v. State, 2014 Ark. 288, 436 S.W.3d 469 (per curiam). Although Noble attempts to couch these claims in terms of a coerced guilty plea, they are in reality claims of ineffective assistance of counsel. Further, our review of the petition reveals no substantiated, claims that Noble’s guilty plea was coerced or that the plea was the result of fear, duress, or threats of mob violence. See Weekly v. State, 2014 Ark. 365, 440 S.W.3d 341. Accordingly, because Noble’s claims do not fall within one of the four recognized categories subject to coram-nobis relief, his petition to reinvest jurisdiction with the Jefferson County Circuit Court is denied. Petition denied. Baker, Goodson, and Hart, JJ., dissent.