

Cite as 2016 Ark. 350

# SUPREME COURT OF ARKANSAS

No. CR–15-1034

| | |
|---|---|
| ELVIS AARON THACKER **APPELLANT** | **Opinion Delivered:** October 20, 2016 |
| V. | APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT [NOS. 66FCR-10977B & 1006B] |
| STATE OF ARKANSAS **APPELLEE** | HONORABLE J. MICHAEL FITZHUGH, JUDGE |
| | AFFIRMED. |

**RHONDA K. WOOD, Associate Justice**

Elvis Thacker petitions this court to reverse the circuit court's denial of a petition for writ of error coram nobis. Thacker argues that the writ should have been granted because video evidence was withheld, his guilty plea was coerced, and he is innocent of the offenses.[1] Because we hold that the circuit court's denial of the petition was not an abuse of discretion, we affirm.

In 2011, Fort Smith police officers were arresting Thacker for the rape of a woman in Fort Smith. Law enforcement officers from Oklahoma also participated in the arrest because they suspected that Thacker had murdered Briana Ault, whose body had been found in Oklahoma a few days earlier. The officers who were attempting to serve the warrant were dressed in plainclothes. Initially, to gain admittance into the apartment and ensure

---

[1] In his brief on appeal, Thacker summarily states in a concluding paragraph that "the circuit court erred in denying [his] Petition for Writ of Error Coram Nobis without a hearing." However, he failed to develop this specific argument and to adduce apposite authority. *See Perry v. State*, 2014 Ark. 535, 453 S.W.3d 650.

Thacker was inside, one officer posed as an employee of the electric company checking on electrical issues. The officer attempted to get Thacker and the other occupants to leave, but was unsuccessful. Thereafter, officers kicked in the door and entered the apartment. During the attempted arrest, Thacker stabbed one of the police officers. Thacker was tased, but when the Taser failed to subdue him, a detective shot Thacker twice.

There were two video recordings on the evening of the incident that were not provided to Thacker until years after his plea.[2] The first video was recorded by the Taser gun carried by Detective Mike McCoy. The video captures approximately seven seconds of the officers immediately before they entered the apartment where Thacker was staying and another minute and a half following entry. For the seven seconds prior to entry, officers can be heard yelling for Thacker to open the door; however, the video does not include what transpired or was announced prior to these seven seconds. Officer Eric Williams recorded the second video using a halo camera system attached to his body. Officer Williams was not present for the entry into the apartment, but rather arrived after the stabbing of the officer and after Thacker had been tased and ultimately shot. The Williams video primarily depicts Thacker lying on the floor of the apartment waiting for emergency medical care to arrive.

In August 2011, Elvis Thacker pleaded guilty to the attempted capital murder of the Fort Smith police officer who was serving him with the arrest warrant for rape. He also pleaded guilty to kidnapping, amended from the original rape charge, for restraining a

---

[2] TruTV shot a third video that also was not provided to Thacker but has yet to be recovered.

SLIP OPINION

woman with a knife against her will. He was sentenced to an aggregate term of thirty years'

imprisonment. Thacker unsuccessfully challenged his convictions in a petition for

postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37 (2015). *Thacker*

*v. State*, 2012 Ark. 205 (per curiam). In August 2015, Thacker filed a petition for writ of

error coram nobis in the circuit court.[3] He argued that the prosecutor withheld the video

evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), that his guilty plea was

coerced, and that he was actually innocent. A writ of error coram nobis is an extraordinarily

rare remedy. It is allowed only under compelling circumstances to achieve justice and to

address fundamental errors, which fall in one of four categories: (1) insanity at the time of

trial; (2) a coerced guilty plea; (3) material evidence withheld by the prosecutor; or (4) third-

party confession to the crime during the time between conviction and appeal. *State v.*

*Larimore*, 341 Ark. 397, 17 S.W.3d 87 (2000). The standard of review of the circuit court's

denial of error coram nobis relief is abuse of discretion. *State v. Tajeda-Acosta*, 2013 Ark.

217, 427 S.W.3d 673.

## I.     *Material Evidence Withheld*

Thacker first alleges he is entitled to relief because the prior videos were favorable to

his defense and were withheld by the prosecution. He argues that this unconscionable

withholding of evidence violates *Brady*. Suppression of material exculpatory evidence by a

prosecutor falls within one of the four categories of coram nobis relief. *Grant v. State*, 2010

---

[3] Typically, an appellant must first seek permission in this court to proceed in the circuit court with a petition for writ of error coram nobis. *Nelson v. State*, 2015 Ark. 141, 460 S.W.3d 774. However, when the judgment or conviction was entered on a plea of guilty or nolo contendere, the petition for writ of error coram nobis is filed directly with the circuit court. *Id.*

Ark. 286, 365 S.W.3d 894. The Supreme Court clarified *Brady* in *Strickler v. Greene*, 527 U.S. 263 (1999), and declared that evidence is material "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Id*. at 280 (quoting *United States v. Bagley*, 473 U.S. 667, 682 (1985)). The *Strickler* court also set out the three elements of a Brady violation: (1) the evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; (2) the evidence must have been suppressed by the State, either willfully or inadvertently; and (3) prejudice must have ensued. *See Barker v. State*, 2010 Ark. 354, at 8–9, 373 S.W.3d 865, 870.

In Thacker's petition to the circuit court, he alleges the videos were material to and would have altered the outcome of his case for two reasons. First, Thacker contends that the videos would support his self-defense argument that he stabbed the officer because he was unaware that the people attempting to gain entry into the apartment were police officers, and they entered without a warrant. Second, he claims that the Williams video provided evidence to suppress incriminating statements he made to police officers after he had been shot by police.

The circuit court, after reviewing the videos, denied relief. The court found the videos were not relevant. First, it concluded that the arrest warrant on the rape charge allowed entry into the apartment and Thacker was identified through a window; second, it found that any incriminating statements depicted on the video concerned solely the murder investigation in Oklahoma and were not relevant to the kidnapping and attempted-murder charges he pled to in Arkansas.

SLIP OPINION

Only the Taser video captured the events surrounding the police officers' entry into the apartment. It fails to provide material evidence sufficient to support Thacker's self-defense claims because it is a limited snapshot (approximately seven seconds) prior to the police officers' entry. Furthermore, while Thacker argues that his arrest was warrantless, the circuit court found that police had an arrest warrant for Thacker, and police identified him through a window in the apartment. Therefore, we cannot say the circuit court abused its discretion by concluding that the Taser video was not relevant to the case. A court considering a claim of a *Brady* violation in a coram-nobis petition is not required to take the petitioner's allegations at face value without substantiation. *Ventress v. State*, 2015 Ark. 181, at 5, 461 S.W.3d 313, 316 (per curiam). Similarly, the Williams video did not capture any evidence material to the events surrounding the arrest since Williams did not arrive at the scene until after the arrest and stabbing had occurred. Again, the trial court's finding that the videos were not relevant to a self-defense argument is not an abuse of discretion.

As to Thacker's contention that the Williams video provided evidence to suppress incriminating statements, the circuit court also correctly stated that the only incriminating statements made by Thacker in the Williams video relate to the capital-murder charge against him in Oklahoma, and those statements are not relevant to the charges in this case. The petitioner in a coram-nobis proceeding has the heavy burden of demonstrating with proof that there existed some fact that would have prevented rendition of judgment had it been known to the trial court and that, through no negligence or fault of his, was not brought forward before rendition of judgment. *Westerman v. State*, 2015 Ark. 69, 456 S.W.3d 374. As Thacker cannot show that either video was material to and would have



altered the outcome of the case, we hold that the circuit court's denial of the petition was not an abuse of discretion.

## II.     *Coerced Guilty Plea*

Likewise, we conclude that the circuit court did not abuse its discretion in denying Thacker's petition alleging that his guilty plea was coerced. Thacker's petition to the circuit court on this ground was difficult to ascertain and primarily contained allegations concerning the ineffective assistance of his trial counsel and allegations concerning the Oklahoma case. Thacker additionally argues that his guilty plea was coerced by a combination of factors, including the denial of medical treatment during his arrest and the alleged torture by police at the hospital. However, these claims are either unsubstantiated or contradictory to the evidence. The remaining factors, which include being attacked by another inmate, having conflicted counsel, not being able to fire his attorney, having a low IQ, and the withholding of video evidence, are noncognizable in coram nobis relief for a coerced guilty plea. *See Noble v. State*, 2015 Ark. 141, 460 S.W.3d 774. His allegations concerning ineffective assistance of counsel along with information concerning the Oklahoma case are not appropriate for an error coram nobis petition in Arkansas. Claims of coercion cognizable in error coram nobis proceedings include pleas that are the result of fear, duress, or threats of mob violence. *Id*. Thacker's four-year delay in bringing this claim, coupled with the lack of factual substantiation for his allegations, renders his claims of a coerced guilty plea deficient and unpersuasive. *Weekly v. State*, 2014 Ark. 365, 440 S.W.3d 341.

### III.    *Actual Innocence*

Finally, Thacker argues that his actual innocence of the charges should be a ground under which his writ of error coram nobis should be granted.   While Thacker made this argument to the circuit court, the circuit court did not rule on this issue.   Thacker's failure to obtain a ruling by the circuit court on the issue of actual innocence precludes appellate review.  *Bryant v. State*, 2013 Ark. 305, 429 S.W.3d 193.

Affirmed.

DANIELSON and HART, JJ., dissent.

**JOSEPHINE LINKER HART, Justice, dissenting.**   I respectfully dissent from the majority's decision to affirm the circuit court's denial of Elvis Aaron Thacker's petition for writ of error coram nobis and its decision to do so without a hearing.

The suppression by the prosecution of evidence favorable to an accused violates due process where the evidence is material either to guilt or to punishment. *Strickler v. Greene*, 527 U.S. 263, 280 (1999). Such evidence is material if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. *Id.* When a petition for writ of error coram nobis is filed directly in the circuit court, a hearing is not required if the petition clearly has no merit. *Nelson v. State*, 2014 Ark. 91, at 4, 431 S.W.3d 852, 855. Here, the circuit court denied the petition without a hearing.[1] In the circumstances presented here, a hearing should have been held.

---

[1]In response to Thacker's argument that the circuit court erred in denying his petition for a writ of error coram nobis without a hearing, the majority states that Thacker failed to develop the argument or adduce apposite authority. The origin of this line of reasoning is *Dixon v. State*, 260 Ark. 857, 545 S.W.2d 606 (1977), where this court stated, "We adopt

The State admits that it failed to disclose two videos, one of which was a Taser video made by Detective Mike McCoy. The State further admits that the McCoy video showed the events around the time police entered the residence to arrest Thacker and that the officers admittedly are not heard announcing their identity and purpose immediately before entering. Less than thirty seconds after the police entered the residence, police gunshots that were fired at Thacker can be heard on the video. Also, the State admits that the officers who entered the residence were in plainclothes.

Our criminal statutes provide that a person is justified in using physical force upon another person to defend himself or herself or a third person from what the person reasonably believes to be the use or imminent use of unlawful physical force by that other person, and the person may use a degree of force that he or she reasonably believes to be necessary. Ark. Code Ann. § 5-2-606(a)(1) (Repl. 2013); *see* Ark. Code Ann. § 5-2-607(a) (Supp. 2015) (using deadly physical force). Thacker argues that the McCoy video would have supported a claim of self-defense—that he assaulted the police officer because he reasonably believed the person was not a police officer but instead a home invader. The McCoy video is particularly relevant because the officers were in plainclothes.

---

the position taken by the Supreme Court of Oklahoma in its own syllabus in *Irwin v. Irwin*, 416 P.2d 853 (1966): 'Assignments of error presented by counsel in their brief, unsupported by convincing argument or authority, will not be considered on appeal, unless it is apparent without further research that they are well taken.'" *Id.* at 862, 545 S.W.2d at 609. Here, Thacker cited case law setting out the circumstances in which a hearing is required and asserted that the circuit court erred in not conducting a hearing. It is apparent that Thacker's argument is well taken. Moreover, in its brief, the State acknowledged that Thacker made this argument and addressed whether Thacker was entitled to a hearing.

In affirming the circuit court, the majority finds that the McCoy video fails to provide material evidence sufficient to support Thacker's self-defense claim because it is a "limited snapshot" prior to the police officers' entry. The majority states that the McCoy video "does not include what transpired or was announced" prior to the beginning of the video. The question whether the McCoy video is material, however, is not answered by asserting that it is a "limited snapshot." The McCoy video directly rebuts the State's assertion that the occupants of the residence were verbally informed that it was the police who were trying to enter. Clearly, the McCoy video is material in that it would support Thacker's self-defense claim. Thus, a hearing should have been held on Thacker's petition because it cannot be said that Thacker's petition is clearly without merit.

Furthermore, the State admits that the McCoy video was not disclosed to Thacker before he pleaded guilty. Despite the majority's conclusion that it was a "limited snapshot," the McCoy video would have supported Thacker's claim of self-defense because it shows that the police did not identify themselves when they entered the residence in plainclothes. Given that the McCoy video supported the defense and that Thacker was not afforded an opportunity to present evidence at a hearing, I cannot say that there is no reasonable probability that, had the McCoy video been disclosed to Thacker, he would not have pleaded guilty and would instead have gone to trial.

I respectfully dissent.

Danielson, J., joins in this dissent.

*John Wesley Hall* and *Sarah M. Pourhosseini*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Vada Berger*, Ass't Att'y Gen., for appellee.