RHONDA K. WOOD, Associate Justice | ¶ Elvis Thacker petitions this court to reverse the circuit court’s denial of a petition for writ of error coram nobis. Thacker argues that the writ should have been granted because video evidence was withheld, his guilty plea was coerced, and he is innocent of the offenses.[1] Because we hold that the circuit court’s denial of the petition was not an abuse of discretion, we affirm. In 2011, Fort Smith police officers were arresting Thacker for the rape of a woman in Fort Smith. Law enforcement officers from Oklahoma also participated in the arrest because they suspected that Thacker had murdered Briana Ault, whose body had been found in Oklahoma a few days earlier. The officers who were attempting to serve the warrant were dressed in plainclothes. Initially, to gain admittance into the apartment and ensure | «¡Thacker was inside, one officer posed as an employee of the electric company checking on electrical issues. The officer attempted to get Thack*er and the other occupants to leave, but was unsuccessful. Thereafter, officers kicked in the door and entered the apartment. During the attempted arrest, Thacker stabbed one of the police officers. Thacker was tased, but when the Taser failed to subdue him, a detective, shot Thacker twice. There were two video recordings on the evening of the incident that were not provided to Thacker until years after his plea.[2] The first video was recorded by the Taser gun carried by Detective Mike McCoy. The video captures approximately seven seconds of the officers immediately before they entered the apartment where Thacker was staying and another minute and a half following entry. For the seven seconds prior to entry, officers can be heard yelling for Thacker to open the door; however, the video does not include what transpired or was announced prior to these seven seconds. Officer Eric Williams recorded the second video using a halo camera system attached to his body. Officer Williams was not present for the entry into the apartment, but rather arrived after the stabbing of the officer and after Thacker had been tased and ultimately shot. The Williams video primarily depicts Thacker lying on the floor of the apartment waiting for emergency medical care to arrive. In August 2011, Elvis Thacker pleaded guilty to the attempted capital murder of the Fort Smith police officer who was serving him with the arrest warrant for rape. He also pleaded guilty to kidnapping, amended from the original rape charge, for restraining a | ¡¡woman with a knife against her will. He was sentenced to an aggregate term of thirty years’ imprisonment. Thacker unsuccessfully challenged his convictions in a petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37 (2015). Thacker v. State, 2012 Ark. 205 (per curiam). In August 2015, Thacker filed a petition for writ of error coram nobis in the circuit court.[3] He argued that the prosecutor withheld the video evidence in violation of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), that his guilty plea was coerced, and that he was actually innpcent. A writ of error coram nobis is an extraordinarily rare remedy. It is allowed only under compelling circumstances to achieve justice and to address fundamental errors, which fall in one of four categories: (1) insanity at the time of trial; (2) a coerced guilty plea; (3) material evidence withheld by the prosecutor; or (4) third-party confession to the crime during the time between conviction and. appeal. State v. Larimore, 341 Ark. 397, 17 S.W.3d 87 (2000). The standard of review of the circuit court’s denial of error coram nobis relief is abuse of discretion. State v. Tejeda-Acosta, 2013 Ark. 217, 427 S.W.3d 673. I. Material Evidence Withheld Thacker first alleges he is entitled to relief because the prior videos were favorable to his defense and were withheld by the prosecution. He argues that this unconscionable withholding of evidence violates Brady. Suppression of material exculpatory evidence by a prosecutor falls within one of the four categories of coram nobis relief. Grant v. State, 2010 Ark. 286, 365 S.W.3d 894. The Supreme Court clarified Brady in Strickler v. Greene, 527 U.S. 263, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999), and declared that evidence is material “if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.” Id. at 280, 119 S.Ct. 1936 (quoting United States v. Bagley, 473 U.S. 667, 682, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985)). The Strickler court also set out the three elements of a Brady violation: (1) the evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; (2) the evidence must have been suppressed by the State, either willfully or inadvertently; and (3) prejudice must have ensued. See Barker v. State, 2010 Ark. 354, at 8-9, 373 S.W.3d 865, 870. In Thacker’s petition to the circuit court, he alleges the videos were material to and would have altered the outcome of his case for two reasons. First, Thacker contends that the videos would support his self-defense argument that he stabbed the officer because he was unaware that the people attempting to gain entry into the apartment were police officers, and they entered without a warrant. Second, he claims that the Williams video provided evidence to suppress incriminating statements he made to police officers after he had been shot by police. The circuit court, after reviewing the videos, denied relief. The court found the videos were not relevant; First, it concluded that the arrest warrant on the rape charge allowed entry into the apartment and Thacker was identified through a window; second, it found that any incriminating statements depicted on the video concerned solely the murder investigation in Oklahoma and were not relevant to the kidnapping and attempted-murder charges he pled to in Arkansas. |fiOnly the Taser video captured the events surrounding the police officers’ entry into the apartment. It fails to provide material, evidence- sufficient to support Thacker’s self-defense claims because it is a limited snapshot (approximately seven seconds) prior to the police officers’ entry. Furthermore, while Thacker argues that his arrest was warrantless, the circuit court found that police had an arrest warrant for Thacker, and police identified him through a window in the apartment. Therefore, we cannot say the circuit court abused its discretion by concluding that the Taser video was not relevant to the case. A court considering a claim of a Brady violation in a coram-nobis petition is not required to take the petitioner’s allegations at face value without substantiation. Ventress v. State, 2015 Ark. 181, at 5, 461 S.W.3d 313, 316 (per curiam). Similarly, the Williams video did not capture any evidence material to the events surrounding the arrest since Williams did not arrive at the scene until after the arrest and stabbing had occurred. Again, the trial court’s finding that the videos were not relevant to a self-defense argument is not an abuse of discretion. As to Thacker’s contention that the Williams video provided evidence to suppress incriminating statements, the circuit court also correctly stated that the only incriminating statements made by Thacker in the Williams video relate to the capital-murder charge against him in Oklahoma, and those statements are not relevant to the charges in this case. The petitioner in a coram-nobis proceeding has the heavy burden of demonstrating with proof that there existed some fact that would have prevented rendition of judgment had it been known to the trial court and that, through no negligence or fault of his, was not brought forward before rendition of judgment. Westerman v. State, 2015 Ark. 69, 456 S.W.3d 374. As Thacker cannot show that either video was material to and would have faltered the outcome of the case, we hold that the circuit court’s denial of the petition was not an abuse of discretion. II. Coerced Guilty Plea Likewise, we conclude that the circuit court did not abuse its discretion in denying Thacker’s petition alleging that his guilty plea was coerced. Thacker’s petition to the circuit court on this ground was difficult to ascertain and primarily contained allegations concerning the ineffective assistance of his trial counsel and allegations concerning the Oklahoma case. Thacker additionally argues that his guilty plea was coerced by a combination of factors, including the denial of medical treatment during his arrest and the alleged torture by police at the hospital. However, these claims are either unsubstantiated or contradictory to the evidence. The remaining factors, which include being attacked by another inmate, having conflicted counsel, not being able to fire his attorney, having a low IQ, and the withholding of video evidence, are noncognizable in coram nobis relief for a coerced guilty plea. See Noble v. State, 2015 Ark. 141, 460 S.W.3d 774. His allegations concerning ineffective assistance of counsel along with information concerning the Oklahoma case are not appropriate for an error coram nobis petition in Arkansas. Claims of coercion cognizable in error coram nobis proceedings include pleas that are the result of fear, duress, or threats of mob violence. Id. Thacker’s four-year delay in bringing this claim, coupled with the lack of factual substantiation for his allegations, renders his claims of a coerced guilty plea deficient and unpersuasive. Weekly v. State, 2014 Ark. 365, 440 S.W.3d 341. 17III. Actual Innocence Finally, Thacker argues that his actual innocence of the charges should be a ground under which his writ of error co-ram nobis should be granted. While Thacker made this argument to the circuit court, the circuit court did not rule on this issue. Thacker’s failure to obtain a ruling by the circuit court on the issue of actual innocence precludes appellate review. Bryant v. State, 2013 Ark. 305, 429 S.W.3d 193. Affirmed. Danielson and Hart, JJ., dissent. . In his brief on appeal, Thacker summarily states in a concluding paragraph that “the circuit court erred in denying [his]. Petition for Writ of Error Coram Nobis without a hearing.” However, he failed to develop this specific argument and to adduce apposite authority. See Perry v. State, 2014 Ark. 535, 453 S.W.3d 650. . TruTV shot a third video that also was not provided to Thacker but has yet to be recovered. . Typically, an appellant must first seek permission in this court to proceed in the circuit court with a petition for writ of error coram nobis. Nelson v. State, 2015 Ark. 141, 460 S.W.3d 774. However, when the judgment or conviction was entered on a plea of guilty or nolo contendere, the petition for writ of error coram nobis is filed directly with the circuit court. Id.