SLIP OPINION

Cite as 2017 Ark. 178

# SUPREME COURT OF ARKANSAS

No. CR-07-238

| | |
|---|---|
| KENNY TRAVIS, JR.<br>PETITIONER<br><br>V.<br><br>STATE OF ARKANSAS<br>RESPONDENT | **Opinion Delivered** May 11, 2017<br><br>PRO SE SECOND PETITION TO REINVEST JURISDICTION IN THE TRIAL COURT TO CONSIDER A PETITION FOR WRIT OF ERROR CORAM NOBIS [MISSISSIPPI COUNTY CIRCUIT COURT, CHICKASAWBA DISTRICT, NO. 47CR-06-202]<br><br><u>PETITION DENIED</u>. |

## PER CURIAM

On February 15, 2017, petitioner Kenny Travis, Jr., filed in this court a pro se petition to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis, which is the second such petition that Travis has filed in this court. Travis again seeks permission to proceed with a challenge to his 2006 judgment reflecting his convictions in the Mississippi County Circuit Court on charges of capital murder and aggravated robbery for the death and robbery of J.W. Hall. When a petitioner appealed his judgment of conviction, he must first request this court to reinvest jurisdiction in the trial court before he may attack that conviction by means of a petition for writ of error coram nobis. *Noble v. State*, 2015 Ark. 141, 460 S.W.3d 774. Travis appealed the 2006 judgment, and this court affirmed. *Travis v. State*, 371 Ark. 621, 269 S.W.3d 341 (2007). He has therefore correctly sought leave in this court to proceed in the trial court.

SLIP OPINION

We note that Travis raises claims in the petition that are based on his allegations of prosecutorial misconduct. His previous petition was based on allegations of trial error arising from the denial of a motion for change of venue. *See Travis v. State*, 2014 Ark. 82 (per curiam). While the issues raised in Travis's second petition are different from those raised in the first petition to proceed for the writ, none has merit.

This court will grant permission to proceed with a petition for the writ only when it appears, looking to the reasonableness of the allegations in the proposed petition and the existence of the probability of the truth of those allegations, that the proposed attack on the judgment is meritorious. *Isom v. State*, 2015 Ark. 225, 462 S.W.3d 662. This court is not required to accept at face value the allegations of the petition. *Penn v. State*, 282 Ark. 571, 670 S.W.2d 426 (1984).

Error coram nobis is an extraordinarily rare remedy, more known for its denial than its approval. *White v. State*, 2015 Ark. 151, 460 S.W.3d 285. The remedy is exceedingly narrow and appropriate only when an issue was not addressed or could not have been addressed at trial because it was somehow hidden or unknown. *Clark v. State*, 358 Ark. 469, 192 S.W.3d 248 (2004). The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition had it been known to the trial court and that, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Green v. State*, 2016 Ark. 386, 502 S.W.3d 524.

Coram nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Westerman v. State*, 2015 Ark. 69, 456 S.W.3d 374. This court has

recognized four categories of error for which the writ is available: (1) insanity at the time of trial; (2) a coerced guilty plea; (3) material evidence withheld by the prosecutor; (4) a third-party confession to the crime during the time between conviction and appeal. *Noble*, 2015 Ark. 141, 460 S.W.3d 774. The writ is issued only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Green*, 2016 Ark. 386, 502 S.W.3d 524.

A more detailed summary of the evidence at trial may be found in our opinion on direct appeal. Suffice it to say that there was evidence presented by the State that Travis, Acquilla Ramsey, and Kevin "Punch" Ransom went to Hall's auto dealership to rob him, and during the robbery, Travis shot and killed Hall. Travis alleges prosecutorial misconduct and that the prosecution withheld an assortment of information, including the following: an original recording of Travis's confession that Andre Love made with his cell phone; the coroner's report providing the date of the crime; some lab results, reports, and notes that were prepared in support of testimony at Travis's trial from the crime-lab experts and the medical examiner; and two interviews, one with an individual about an alternate suspect and one with Acquilla. Travis additionally alleges a basis for the writ because prosecutors issued an illegal arrest warrant and interfered with the police investigation, were aware of one or more rebuttal witness's presence in the courtroom, admitted illegal evidence, and issued an illegal search warrant. Interwoven within these arguments, Travis alleges that the criminal informations charging him were defective and resulted in a double-jeopardy violation; that the record on appeal was not complete; that there were other defective evidentiary rulings; that the prosecutor made improper statements to the press; and that

SLIP OPINION

SLIP OPINION

additional information was withheld about Acquilla's juvenile record, a search warrant, an altercation between Love's wife and Travis's wife, and a video showing the purchase of a lawnmower.

Travis frames his proposed coram nobis claims in his second petition as allegations of prosecutorial misconduct in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). While allegations of a *Brady* violation fall within one of the four categories of fundamental error that this court has recognized, the fact that a petitioner alleges a *Brady* violation alone is not sufficient to provide a basis for error coram nobis relief. *Green*, 2016 Ark. 386, 502 S.W.3d 524. Although Travis attempts to couch each of his claims as a *Brady* violation, most are simply allegations of trial error, and none supports coram nobis relief.

The State is required to disclose all favorable evidence material to the guilt or punishment of an individual. *Newman v. State*, 2009 Ark. 539, 354 S.W.3d 61. Evidence is material if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. *Thacker v. State*, 2016 Ark. 350, 500 S.W.3d 736. To establish a *Brady* violation, three elements are required: (1) the evidence at issue must be favorable to the accused, either because it is exculpatory or because it is impeaching; (2) that evidence must have been suppressed by the State, either willfully or inadvertently; (3) prejudice must have ensued. *Green*, 2016 Ark. 386, 502 S.W.3d 524. If the alleged withheld evidence meets the requirements of a *Brady* violation and is both material and prejudicial, to justify issuance of the writ, the withheld material evidence must also be such as to have prevented rendition of the judgment had it been known at the time of the trial. *Id.* When a petitioner has been diligent and an evidentiary hearing is required

SLIP OPINION

to determine whether the proposed attack is meritorious, this court may reinvest jurisdiction for further proceedings. *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38.

Trial-error claims are not cognizable in coram nobis proceedings. *Green*, 2016 Ark. 386, 502 S.W.3d 524. This court does not consider allegations for the writ that are an attempt to argue issues that were, or could have been, addressed at trial or on direct appeal. *Ashby v. State*, 2016 Ark. 205, 492 S.W.3d 71 (per curiam). Travis's claims largely fall within that category of claim. His allegations that the criminal informations and arrest warrant were defective, including his claim of a double-jeopardy violation; his allegations that evidence should not have been admitted at trial, including any evidence from an illegal search; his allegations that a rebuttal witness or witnesses who had been in the courtroom should not have testified or testified falsely; his allegations that improper statements were made to the press; and his allegations that the record on appeal should have been supplemented are all issues that could have been resolved at trial and on appeal.

A coram nobis proceeding is not a means merely to contradict a fact already adjudicated in the trial court. *Carter v. State*, 2016 Ark. 378, 501 S.W.3d 375 (per curiam). Allegations of prosecutorial misconduct that could have been raised at trial, including an allegation that the prosecutor failed to disclose information that was known at the time of trial, fail for lack of diligence. *Howard*, 2012 Ark. 177, 403 S.W.3d 38; *see also Howard v. State*, 367 Ark. 18, 238 S.W.3d 24 (2006) (holding that claim of prosecutorial misconduct was an issue that could have been raised at trial and was therefore not cognizable in proceedings under Criminal Procedure Rule 37.1).

Although there is no specific time limit for seeking a writ of error coram nobis, due diligence is required in making an application for relief. *Green*, 2016 Ark. 386, 502 S.W.3d 524. Due diligence requires that (1) the defendant be unaware of the fact at the time of trial; (2) the defendant could not have, in the exercise of due diligence, presented the fact at trial; and (3) the defendant, after discovering the fact, did not delay in bringing the petition. *Id.* The requirements are a sequence of events, each of which a petitioner must show to prove due diligence. *Id.* This court will itself examine the diligence requirement and deny a petition where it is evident that a petitioner failed to proceed diligently. *Roberts v. State*, 2013 Ark. 56, at 12, 425 S.W.3d 771, 778.

The evidence that Travis contends was withheld by the prosecution about Love's cell-phone recording was available at trial, and those issues have been litigated, raised on appeal, and settled. *Travis*, 371 Ark. 621, 269 S.W.3d 341. Likewise, the evidence concerning the actual date that Hall died and Hall's time of death as noted on the coroner's report, which Travis contends was withheld, was also known to Travis at the time of his trial. It is therefore evident that Travis is not diligent in bringing these claims.

Moreover, Travis fails to demonstrate a *Brady* violation in that he does not show that the allegedly withheld information was prejudicial. On direct appeal, this court held that, while there were different copies of the same recording, the evidence during the proceedings established that only one recording from the phone existed and that the defense had been provided with a copy of that recording and was therefore not prejudiced. *Travis*, 371 Ark. at 627, 269 S.W.3d at 346. As we noted in our opinion affirming the trial court's denial of Rule 37 relief, the precise time of death was not of critical significance and the defense was

sufficiently aware of the correct date—despite the criminal information that was contained in the record listing the date as on or about the preceding day—for the defense to present alibi evidence for the correct day and time. *See Travis v. State*, 2010 Ark. 341 (per curiam). Because the information that Travis contends was withheld about the cell phone and coroner's report was not unknown at the time of trial and was not prejudicial to the defense, those claims are not cognizable in a coram nobis proceeding.[1]

Travis does not identify information from the allegedly withheld lab results, reports, and notes that would have been material evidence favorable to the accused and that also was not known at trial. Travis alleged that the medical examiner's report indicated that a fifth bullet had been found in Hall's body, but that allegation is inconsistent with the report he provided, which, consistently with the trial testimony, describes three intact bullets recovered from the body along with two fragments. Travis appears to contend that additional fingerprint and DNA testing may have produced evidence linking other individuals to the crime, but he does not identify what specific evidence may have been discovered, and the defense did bring out at Travis's trial that there was no match to Travis for those fingerprints and DNA samples that were tested. That there were unmatched fingerprints and DNA was known at the time of trial, and to the extent that Travis would allege ineffective assistance for failure to request additional testing, those claims are not cognizable. It is well settled that claims of ineffective assistance of counsel are properly

---

[1] Travis indicates that there was other information in the coroner's report, apart from the time of death, that might have been used to impeach several of the witnesses. He does not, however, explain how that information was not consistent with the testimony.

raised under Rule 37.1 and not in a coram nobis proceeding. *State v. Tejeda-Acosta*, 2013 Ark. 217, 427 S.W.3d 673.

As for Travis's claim that the State withheld evidence of two interviews, one the police conducted with an individual who told police that another man had told him that he planned to rob and kill J.W. Hall, and one with Acquilla that had been conducted by a private investigator, Travis does no more than make conclusory allegations that any of this information was withheld from the defense. Conclusory allegations without a factual basis are not sufficient as grounds for the writ. *Green*, 2016 Ark. 386, 502 S.W.3d 524.

Travis fails to demonstrate the requisite prejudice or that the materials were withheld. During Acquilla's cross-examination, trial counsel demonstrated that he was aware of information from the interview that Travis contends was withheld, and Travis indicates that the interview was not conducted by a police officer, but by a private investigator. As for the evidence of an alternative suspect, even if the information was withheld, Travis fails to demonstrate that the information in the interview would have led to the development of any admissible evidence. Evidence that a third party may have committed the crime is inadmissible unless it points directly to the guilt of the third party, and if it creates no more than an inference or conjecture as to the third party's guilt, it is inadmissible. *Echols v. State*, 326 Ark. 917, 962, 936 S.W.2d 509, 531 (1996) (citing *Zinger v. State*, 313 Ark. 70, 852 S.W.2d 320 (1993)).

Travis also alleges that the State withheld information concerning Acquilla's juvenile record, a search conducted at Ransom's home, an altercation between Travis's wife and Love's wife, and a video showing the purchase of a lawnmower by Travis's father. Travis

once again fails to offer any substantiation for his allegations that the information was withheld from the defense, and he also fails to demonstrate that any of the information was relevant, favorable, material evidence or would have produced relevant, favorable, material evidence that Travis may have introduced at trial or used for impeachment purposes. Travis fails to provide a copy of Aquilla's alleged juvenile record to support his claim that this might have been useful for impeachment or otherwise. He does not explain how the search was relevant or point to any evidence from that search that was introduced at his trial. Travis failed to explained how the altercation between his and Love's wife was relevant, and because the reports referenced Love's contention that the basis behind the dispute was his providing testimony against Travis, it seems likely that the information would have been more damaging to the defense than helpful. Even if the video of the lawnmower purchase had been withheld and that video did show Travis's father purchasing the lawnmower in contradiction of testimony at trial, that purchase was only one of many pieces of evidence introduced supporting the State's claim that Travis had spent a large amount of money after the murder occurred. None of the potential evidence that Travis alleged had been withheld is sufficient to establish prejudice for a *Brady* violation. Because none of the issues Travis would raise support issuance of the writ, the proposed attack on the judgment is not meritorious.

Petition denied.